THE FRANK PARMELEE COMPANY

*v.*

CORA WHEELOCK.

*Opinion filed December 22, 1906.*

1. VARIANCE—*when objection of variance is waived.* An objection of variance upon the ground that the declaration charged joint and concurring negligence whereas the judgment was against one defendant alone, is waived where such defendant made no objection to the ruling of the court to the effect that plaintiff's *nolle* as to the other defendant operated as an amendment of the declaration to that extent.

2. CARRIERS—*driver of omnibus must use a high degree of care for safety of passengers.* A driver of an omnibus is bound to use a high degree of care for the safety of his passengers, and the fact that the motorman of a street car which collided with the omnibus and injured the plaintiff may have been negligent does not relieve the omnibus company from liability if the driver was negligent in driving across the track.

3. SAME—*when ordinary care by driver is not sufficient.* While the exercise of ordinary care by the driver of an omnibus in driving upon street car tracks would be sufficient in an action by him for injuries resulting from a collision between the omnibus and a street car, yet it is not sufficient as respects the liability of the omnibus company to a passenger who was injured in the collision.

4. INSTRUCTIONS—*when use of word "where" instead of "if" is not misleading.* The use of the word "where," in an instruction beginning "where the negligence of two unite in causing an accident," instead of the word "if," is not misleading upon the ground that the negligence of two is thereby assumed.

5. NEGLIGENCE—*effect where negligence of two or more persons produces injury.* One who has received an actionable injury at the hands of two or more wrongdoers may sue them jointly or bring his action separately against each, and each is severally liable for the damages sustained.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This is an action to recover for personal injuries received in 1902, appellant and the Chicago City Railway Company being made defendants. Appellee was a passenger in an omnibus belonging to appellant, driven by one of its employees west along Harrison street, Chicago, about seven o'clock P. M., while it was still daylight. There are double street car tracks in Harrison street at this point, and the omnibus, traveling on the north track, approached Clark street at the rate of about five or six miles on hour. An electric car belonging to the Chicago City Railway Company was approaching on Clark street, going south on the west track of the railway company. Harrison and Clark streets at this point are each about forty-five feet between curbs. The omnibus, when crossing and nearly over the west or south-bound track on Clark street, was struck by the front of the electric car and forcibly pushed around. Appellee, who was sitting with her back towards the approaching car, was thrown forward by the collision, striking against the seat, and receiving the injuries complained of. The evidence tends to show that her nose was so badly broken that it cannot be restored to its normal condition, and that while it has healed externally, the bridge is depressed and the cartilage displaced

so as almost completely to close one nostril. The jury awarded her $3500 damages, and the judgment having been affirmed by the Appellate Court, the case is brought here for review.

McCORDIC & SHERIFF, (ANDREW R. SHERIFF, of counsel,) for appellant.

ELMER & COHEN, E. C. WOOD, and COVEY & COVEY, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

At the close of the evidence the court refused to instruct the jury that appellant was not guilty. We do not think the court erred in so ruling. There was evidence in the record fairly tending to support the plaintiff's cause of action. Under such circumstances it would be error for the court to direct a verdict for the defendant. *Libby, McNeill & Libby* v. *Cook,* 222 Ill. 206; *Illinois Central Railroad Co.* v. *Bailey,* id. 480; *Chicago City Railway Co.* v. *Martensen,* 198 id. 511.

At the close of the evidence counsel for appellee moved to dismiss the first count of the declaration and as to the Chicago City Railway Company, also asking leave to amend the declaration accordingly. In reply to this last request the court said: "That is not necessary; a *nolle* operates; go on with the argument." No objection was made on the part of any of the counsel to this ruling of the court. Appellant now urges that there is practically a variance between the allegations in the declaration and the evidence as offered, insisting that the declaration charges joint or concurrent negligence and there is now only one defendant. We do not agree with this contention. But even if there be such a variance, appellant is in no position to raise the question. When the court made the ruling that the *nolle* as to the railway company operated as an amendment appellant did not object, neither did it urge this question on a motion for new trial. While it

might have been better practice to have had the amendment specifically made, if appellant wished to take advantage of that point it should have.objected at the time. *Central Union Building Co.* v. *Kolander*, 212 Ill. 27; *Alford* v. *Dannenberg*, 177 id. 331.

It is contended that the verdict is against the evidence; that the accident was not due to the negligence of the driver of the omnibus, but to that of the railway company. It was the duty of the driver of the omnibus to exercise a very high degree of care for the safety of the passengers, and while there may be evidence tending to show negligence on the part of the motorman in charge of the electric car, there is also evidence which tends to show negligence of the driver of the omnibus. The driver states that when he reached Clark street he looked north and thought the car was far enough away so that he could drive in front of it, but did not realize how fast it was coming until his horses were approaching or upon the east track on Clark street, and then he thought the car was about fifty feet away. He made no effort to stop, although the horses were yet six feet from the west track, on which the car was coming. He claims that he spoke to his horses but did not use the whip, and that they were a good team and "jumped right up." There is evidence tending to show that he did not endeavor to hasten their movements. The evidence upon which appellant relies to show that it was not negligent is sharply controverted. Under such circumstances what constitutes negligence is not a matter of law, but a question of fact for the determination of the jury. *Chicago Consolidated Traction Co.* v. *Schritter*, 222 Ill. 364, and cases there cited.

Appellant argues at length that if its driver, in crossing the tracks, exercised merely ordinary care then it is not liable. The authorities cited are not applicable to the questions involved in this case. If the suit had been brought by appellant's driver, Moran, against the City railway for injury to Moran because of this collision, then those authorities

might have been in point. In discussing a similar question this court in *West Chicago Street Railroad Co.* v. *Tuerk,* 193 Ill. 385, states (p. 391): " 'Each party, in the use of the highway, is bound to exercise ordinary and reasonable care, diligence and caution, such as the circumstances require, to avoid colliding with the other.' * * * But appellant owed a much higher duty than that of ordinary care to appellee. 'The carrier shall do all that human care, vigilance and foresight can reasonably do, consistently with the mode of conveyance and the practical operation of the road.' " (*Springfield Consolidated Railway Co.* v. *Puntenney,* 200 Ill. 9; *Chicago and Alton Railroad Co.* v. *Murphy,* 198 id. 462.) These decisions are in entire harmony with the great weight of authority.

The court refused the following instruction asked by appellant:

(B) "The court instructs the jury that it is the duty of gripmen and motormen to have their cars under such control as to be able to slow up or stop whenever necessary to avoid collisions with other vehicles or persons rightfully and lawfully passing over the crossings; and if you believe, from the evidence, that the driver of the omnibus rightfully proceeded across the tracks in front of the car, then you are instructed that he had the right to rely upon the motorman to so manage and control the car as to avoid a collision with the omnibus, and in such case the defendant, Frank Parmelee Company, cannot be held liable for damages resulting from the failure of the motorman to perform his said duty, without fault on the part of its driver, if you find, from the evidence, that any damages so resulted."

The use of the words "rightfully proceeded across the tracks," etc., and the words "then you are instructed that he had a right to rely upon the motorman to so manage and control the car," etc., might have been proper in an instruction if the driver of the omnibus were suing the railway company for damages, but did not clearly set out the care that

appellant, as a common carrier, was bound to use in order to protect its passengers, even though rightfully driving across the tracks, and therefore might have misled the jury. Moreover, substantially the same instruction, but in less objectionable form, was given as appellant's instruction 3. There was no error in refusing instruction B.

It is also contended that the giving of instruction 2 for appellee is error. That instruction reads:

"You are instructed that where the negligence of two unite in causing an accident by which another is injured, that it is no defense for one of such wrongdoers to show that the other is also to blame in causing such accident," etc.

It is insisted that "where," in the first line of this instruction, is misleading; that it assumes that there was negligence on the part of two, and that "if" should have been used. In the quotation given in the two authorities cited by counsel in support of this contention, (*Illinois Central Railroad Co.* v. *Johnson,* 221 Ill. 42, and *Chicago and Northwestern Railway Co.* v. *Moranda,* 108 id. 576,) the word "where" is used by this court with exactly the same meaning as it is used in this instruction. Counsel, on pages 15 and 18 of their brief, have used the word "where" four times when the word "if" would have given practically the same meaning. It is insisted that the instruction is faulty and misleading in the use of the words "where the negligence of two unite in causing," etc., and should have read, "where two united in negligently causing an accident." We think the jury were not misled on either of these points. Neither do we think there was error in giving it on the ground that it is an abstract proposition of law, as it had no tendency to mislead the jury. (*Ittner Brick Co.* v. *Ashby,* 198 Ill. 562.) The evidence showed very clearly that each defendant was striving to throw all the blame of the accident on the other.

What we have said heretofore on the question of the declaration charging negligence on the part of two and the verdict being against one, fully answers the objection of ap-

pellant to instruction 3 given for the plaintiff. This court has held that when one has received an actionable injury at the hands of two or more wrongdoers, all, however numerous, are severally liable to him for the amount of damages for such injury, and the plaintiff has his right to sue jointly, or he may bring his action separately against each one of the wrongdoers. *Wabash, St. Louis and Pacific Railway Co.* v. *Shacklet,* 105 Ill. 364.

Objection is made to instruction 4 given for appellee, that it leaves out, in stating the duty of common carriers to passengers, the element that they shall do all that they can do consistent with "the practical operation of its vehicle and the exercise of its business as a common carrier." The instruction contained the words, "under the circumstances and in view of the character and mode of conveyance adopted." Substantially the same instruction was given in *Chicago and Alton Railroad Co.* v. *Byrum,* 153 Ill. 131, and is set forth as instruction 6 in that case. The rule laid down in this instruction as to the care to be exercised by a common carrier is also upheld in the following cases: *Frink* v. *Potter,* 17 Ill. 406; *Chicago and Alton Railroad Co.* v. *Pillsbury,* 123 id. 9; *West Chicago Street Railroad Co.* v. *Tuerk, supra.*

Appellee's instruction 5, which is objected to, is a verbatim copy of the instruction set forth in *Chicago and Milwaukee Electric Railway Co.* v. *Ullrich,* 213 Ill. 170, and there approved. It has also been approved in the following cases: *Chicago City Railway Co.* v. *Gemmill,* 209 Ill. 638; *West Chicago Street Railroad Co.* v. *Johnson,* 180 id. 285.

We find no reversible error in the record. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*