THOMAS J. O'CALLAGHAN, Appellee, *vs.* THE DELLWOOD PARK COMPANY, Appellant.

*Opinion filed October 26, 1909—Rehearing denied Dec. 9, 1909.*

1. CARRIERS—*a carrier must use the highest degree of care for safety of passengers.* A carrier of passengers for hire is bound to exercise the highest degree of care for the safety of the passengers and to do all that human foresight and vigilance can do, consistent with the mode of conveyance and the practical operation of its business, to prevent accidents to its passengers.

2. SAME—*company operating scenic railway is carrier of passengers.* A company operating an amusement device known as the scenic railway is a carrier of passengers, and must exercise the same degree of care to prevent injury to passengers as is required of other carriers of passengers.

3. SAME—*when presumption of negligence arises.* If an injury to a passenger is caused by apparatus wholly under the control of

the carrier and furnished and managed by it, and the accident is of such a character that it would not ordinarily occur if due care was. used, a presumption of negligence arises from the nature of the accident and the attending circumstances, though not from the mere fact of the accident itself.

4. APPEALS AND ERRORS—*Supreme Court cannot reject mere improbable testimony.* In determining whether there is any evidence in a personal injury case tending to sustain the plaintiff's cause of action, the Supreme Court cannot reject testimony which is merely improbable and not contrary to some natural law.

5. EVIDENCE—*what testimony is not contrary to natural law.* Testimony that a scenic railway car, which was being propelled by its own momentum on a greasy track having steep grades and sharp curves, came to a full stop on a curve after going down the first declivity and then moved on again to the end of the line is not contrary to the laws of nature, even though it appears that the car was not bumped into by another car which started about ten seconds behind it.

CARTWRIGHT and DUNN, JJ., dissenting.

APPEAL from. the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. A. O. MARSHALL, Judge, presiding.

This is an action on the case to recover damages for injuries which the appellee sustained September 25, 1906, at Dellwood Park, Will county, Illinois, by being thrown from a "scenic railway" operated by the appellant. On the trial before a jury in the circuit court of Will county a verdict was returned for $1600 against appellant. Appellee was required by the trial court to remit $400 and judgment was then entered for $1200. This judgment, on appeal to the Appellate Court, was affirmed. Appellant thereupon prayed this appeal.

Dellwood Park is an amusement resort managed by appellant. On the evening of the day in question, the appellee, with William Kirby, went to the park, and about nine o'clock, each having paid the regular fare of five cents,

2 42—22

took the front seat in a car. The scenic railway is approximately two thousand feet in length, and the cars upon it are shaped somewhat like a cutter or sleigh, having two seats, each capable of holding two adults or three children. The back of the front seat was high enough to furnish a protection for those in the back seat, while for the protection of the persons riding on the front seat there was an iron bar turning on a swivel, which was elevated to permit persons to take their seats and was then drawn down over their laps. This was about waist high when a person was seated and could be held onto by the passenger to steady him during the ride. Under each car were four wheels, flat and without flanges, running upon a maple rail about six inches wide, which was laid upon a plank or timber about two inches thick, resting on cross-ties. On each side of the track were guide-boards sixteen or eighteen inches high, also a two-inch plank and a maple strip to guide the side wheels. On each side of the car were two guide wheels which played against these maple strips. The cars ran by gravity the greater part of the distance. A part of the way the railway was upon trestlework elevated considerably above the ground. Passengers entered the car at a platform which was located on the upper edge of a valley, and was some forty-two feet above the lowest point in the tracks. After they were seated the car was started by hand and then propelled by an endless chain up an incline, when it was released from the endless chain and dropped fifteen feet down a sharp incline, thereby gaining the principal momentum for the trip. At several places the track ran up over a short artificial hill and then dropped again. The road was circuitous and contained numerous curves. The cars reached the foot of the incline almost directly below the starting point and were then drawn by an endless chain up an incline to the starting platform. Nearly at the end of the portion of the road traveled by the force of gravity were two appliances called "brakes," located some

distance apart, each operated by a man and intended to re-
duce the speed of the car, the second brake so checking it
that the car could be caught by the endless chain and car-
ried again to the starting point.   On the night of the
accident seven cars were in operation, running at equal dis-
tances apart, taking a little less than two minutes to make
the circuit.   None of the cars were accompanied by persons
in charge.   After appellee and Kirby had been seated in
the front end of the car, as heretofore stated, and it had
gone down the first declivity, the car came to a sharp curve
some five hundred feet from the starting point and six feet
above the ground.   They both testified that the motion of
the car was suddenly checked, Kirby stating that the car
was just barely moving and afterwards testifying that it
stopped; appellee testifying that it stopped, but afterwards
that he did not know whether it had stopped or not.   Both
of them stated that there was a grinding noise underneath.
Kirby said that it sounded as if they were passing over
stone and gravel, while the appellee likened it to something
hanging to the side or bottom of the car.   The latter sat
on the left-hand side, which was the outside of the curve,
and had hold of the handle-bar with his left hand.   When
the car was thus suddenly checked on the curve, appellee
was thrown out of the car and fell on the stones under-
neath, while Kirby was pitched forward over the handle-
bar but remained in the car, which immediately resumed its
motion.   When it reached the second brake at the bottom
of the incline Kirby got out and hurried across to where
appellee had fallen and found him lying on the stones, seri-
ously hurt about the face and mouth.   Kirby testified that
appellee was conscious, while appellee and an employee of
appellant who was there at the time testified that he was
unconscious.   Portions of the park were lighted by electric-
ity, but the place where this accident happened was in dark-
ness, and there was no eye-witness to it except Kirby and
appellee.   Employees of appellant testified that all of the

cars had been inspected on the morning of that day and were then in good order, and were again inspected a short time after the accident and nothing found wrong; that the next morning the track was inspected at the place of the accident and there was nothing there to indicate what had caused it.

E. MEERS, for appellant:

This case ought to be reversed because the evidence does not show any negligence. *Siddall* v. *Jansen,* 143 Ill. 537; *Senger* v. *Harvard,* 147 id. 304; *Neer* v. *Railroad Co.* 151 id. 141; *Hately* v. *Pike,* 162 id. 241.

The plaintiff is required to prove, by facts and circumstances surrounding the case, that the defendant has been guilty of negligence. Wood on Railways, 376.

Where the evidence is equally consistent with the theory of negligence or of no negligence, it will not support a verdict against the defendant. *Railway Co.* v. *Rood,* 163 Ill. 484; 6 Thompson on Negligence, 613; *Stern* v. *Railway Co.* 76 Mich. 591; *Cotton* v. *Wood,* 8 C. B. (N. S.) 568; 21 Am. & Eng. Ency. of Law, 517.

The rule *res ipsa loquitur* never applies where the evidence of the plaintiff shows how the accident happened, nor unless the facts show that the accident was one which would not ordinarily happen unless the device, machinery or apparatus were defective. 6 Thompson on Negligence, 613, *et seq.; Railway Co.* v. *Barker,* 209 Ill. 326; 8 Ency. of Evidence, 869; *Hart* v. *Washington Park Club,* 157 Ill. 9; *Traction Co.* v. *Newmiller,* 215 id. 383.

Proof of the injury to appellee, even within the maxim of *res ipsa loquitur,* will not justify a verdict in this case because there is no proof that the accident happened on account of any act of negligence of appellant, either as to the condition of the car, track or management. *Railroad Co.* v. *Reilly,* 212 Ill. 506; *Traction Co.* v. *Giese,* 229 id. 264.

When appellee patronized the scenic railway he knew the nature of the same and the method of its operation, and he must be held to have assumed the risk of any misadventure that could not have been reasonably foreseen or contemplated by appellant.   Pollock on Torts, (Am. ed.) 190.

The attractiveness of such appliances as the one complained of in this case depends solely upon the sensations that the rapid changes of speed give the person using it. There is necessarily a lurch or jerk as the car descends the incline.   The accident must have been the result of one of the dangers apparent to appellee and the existence of which is the attraction which induced him to take the ride and was the risk that he assumed in undertaking it.   *Lumsden* v. *Scenic Railway Co.* 130 App. Div. (N. Y.) 209.

Appellant cannot be held liable where it appears that the accident happened from causes beyond its control and to which the negligence of its employees did not in any way contribute.   *Carroll* v. *Staten Island,* 58 N. Y. 126.

As bearing upon the degree of care which the law imposes upon the owners and managers of exhibitions and places of amusement, it appears to be settled that reasonable care in such cases is the measure of duty; and the undertaking of such a proprietor is not so similar to that of a common carrier of passengers as to call for an application of the same rule of responsibility.   *Williams* v. *Mineral Park Ass.* 128 Iowa, 32;   *Hart* v. *Washington Park Club,* 157 Ill. 9;   *Hallyburton* v. *Fair Ass.* 109 N. C. 526; Cooley on Torts, (2d ed.) 718.

A roller coaster is not a snare or an explosive.   It is, in and of itself, notice of its character and purpose.   Its presence and operation involve no danger to those who keep away from it, nor does its enjoyment necessarily involve injury.   *Knottnerus* v. *Railway Co.* 17 L. R. A. 726.

The testimony of a witness to that which is physically impossible must be rejected as not in accordance with the truth of the matter, even though uncontradicted by the di-

rect testimony of any other witness. *Railroad Co.* v. *Kirby*, 86 Ill. App. 57; *Railroad Co.* v. *Brown,* 112 id. 351.

JOHN W. D'ARCY, for appellee:

Appellant has not given any substantial reason why, under the law, the rule applicable to common carriers of passengers, such as railways and persons owning elevators, exercising the highest degree of care consistent with the practical operation of the road and the mode of conveyance, should not include scenic railways. *Hartford Deposit Co.* v. *Sollitt,* 172 Ill. 222; *Springer* v. *Ford,* 189 id. 430; *Building Co.* v. *Nelson,* 197 id. 334; *Treadwell* v. *Whittier,* 80 Cal. 575.

A carrier of passengers for compensation is required to exercise the highest degree of care consistent with the mode of conveyance and practical operation of its business to prevent accident to passengers upon the car. *Pell* v. *Railway Co.* 238 Ill. 510.

Appellant was a carrier of passengers for compensation and bound to use the highest degree of care for the safety thereof, reasonably consistent with the mode of conveyance used. *Railway Co.* v. *Burgess,* 200 Ill. 622.

Where the plaintiff was a passenger a *prima facie* case of negligence is made out by showing the happening of the accident and injury. Appellee had nothing to do with the management of the scenic railway, and the appellant was bound to use the highest reasonable and practical skill, care and diligence in its construction and operation. *Railroad Co.* v. *Blumenthal,* 160 Ill. 48; *Pennsylvania Co.* v. *Roy,* 102 U. S. 455; *Railway Co.* v. *Pillsbury;* 123 Ill. 9.

Where an injury results from an instrument or appliance exclusively within the control of the defendant, which injury in the ordinary course of affairs would not have resulted if proper care was used and exercised by the defendant, the doctrine of *res ipsa loquitur* applies. *Railway Co.* v. *Phillips,* 55 Ill. 199; *Schaller* v. *Brewing Co.* 235 id. 492.

The checking of the speed of the car, by which appellee was thrown from the car, tended to show improper construction and negligence in the care, management and operation of the scenic railway. *Gascoigne* v. *Railway Co.* 239 Ill. 222.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant contends that the trial court erred in giving two instructions at the request of appellee, holding, in effect, that it was the duty of the appellant, in operating the scenic railway, to exercise the highest degree of care and caution for the safety of its passengers and to do all that human foresight and vigilance could reasonably do, consistent with the mode of conveyance and the practical operation of the railway, to prevent accidents to passengers while riding on its cars. This is the rule laid down in this State as to common carriers. (*Parmelee Co.* v. *Wheelock,* 224 Ill. 194; *North Chicago Street Railroad Co.* v. *Polkey,* 203 id. 225; *West Chicago Street Railroad Co.* v. *Tuerk,* 193 id. 385; *Chicago and Alton Railroad Co.* v. *Pillsbury,* 123 id. 9.) We have also held that persons operating passenger elevators in buildings are charged with the same high degree of care. (*Hartford Deposit Co.* v. *Sollitt,* 172 Ill. 222; *Chicago Exchange Building Co.* v. *Nelson,* 197 id. 334; *Steiskal* v. *Field & Co.* 238 id. 92.) In *Treadwell* v. *Whittier,* 80 Cal. 574, the court, in discussing the measure of care required of persons operating elevators in buildings for the carrying of passengers, stated that "the utmost care and diligence must be used by persons engaged in such employments to avoid injury to those they carry. The care and diligence required is proportioned to the danger to the persons carried. In proportion to the degree of danger to others must be the care and diligence to be exercised. Where the danger is great, the utmost care and diligence must be employed. In such cases the law requires extraordinary care and diligence." This doctrine was quoted

with approval by this court in *Springer* v. *Ford,* 189 Ill. 430. Why is not this rule applicable to those operating cars upon a scenic railway, such as the one here in question? The passengers carried therein are subject to great risk of life and limb. The steep inclines, sharp curves and great speed necessarily are sources of peril.

The argument of appellant that the character of this scenic railway was of itself notice of the danger to its passengers; that its presence and operation involved no danger to those who kept away from it; that in this regard it differed from steam or electric railways or passenger elevators in buildings, and that therefore such a railway should not be held a common carrier, does not appeal to us. Should the motive which causes a person to take passage make any difference as to the degree of responsibility with which the carrier is charged? Passenger elevators are frequently operated in buildings in order to convey persons to some vantage point where they can overlook a great city or some other object of interest, and trips on electric cars are often made solely for pleasure.

The precise question now under discussion has not been decided by this court, and our attention has not been called to any case where the degree of care and responsibility resting upon those managing a railway of this kind has been considered. The nearest in point, perhaps, is *Knottnerus* v. *North Park Street Railroad Co.* 17 L. R. A. (Mich.) 726. That was as to the operation of a roller coaster, and the street railway company, while it owned the amusement park where the coaster was being operated, did not own or operate the device itself. Many of the authorities cited by appellant discuss only the responsibility and degree of care required of the managers and operators of ordinary places of amusement, and not the care required in the operation of scenic railways or other amusement contrivances in the nature of common carriers. (See *Williams* v. *Mineral City Park Ass.* 5 Am. & Eng. Ann. Cas. 924,

and note; *Scanlon* v. *Wedger,* 16 L. R. A. 395, and note; *Brotherton* v. *Manhattan Beach Improvement Co.* 33 id. 598; *Hallyburton* v. *Burke County Fair Ass.* 30 id. 156.) We think, not only by fair analogy but on reason and sound public policy, appellant should be held to the same degree of responsibility in the management of the railway in question as a common carrier.

At the close of plaintiff's evidence, and also at the close of the case, counsel for the appellant moved to instruct the jury to find for the defendant on the ground that there was no evidence to support the charge of negligence as made in the declaration.  Appellant insists that the recent case of *Lumsden* v. *Thompson Scenic Railway Co.* 130 App. Div. (N. Y.) 209, upholds its contention on this question.  We do not deem that case in point, as there no unusual or extraordinary motion of the car was shown by the proof, and there was no evidence that anything happened upon the trip which was not usual and made necessary by such ordinary motion.  Here there was a sudden stop testified to by appellee and his companion, caused, apparently, by something on the track.  It is very clear from the testimony that this was an unusual occurrence.  A presumption of negligence has been held to exist against the carrier in cases where the accident has been caused by a sudden jerk of the train. *Chicago City Railway Co.* v. *Rood,* 163 Ill. 477; *Dougherty* v. *Missouri Railroad Co.* 81 Mo. 325.

If the injury of a passenger is caused by apparatus wholly under the control of a carrier and furnished and managed by it, and the accident is of such a character that it would not ordinarily occur if due care is used, the law raises a presumption of negligence.  This presumption arises from the nature of the accident and the attending circumstances, and not from the mere fact of the accident itself.  (*Barnes* v. *Danville Street Railway Co.* 235 Ill. 566; *Chicago Union Traction Co.* v. *Giese,* 229 id. 260; *Chicago City Railway Co.* v. *Rood, supra.*)  We think the

proof offered on behalf of the appellee brings this case squarely within the rule laid down in these decisions.   Appellant was charged with the responsibility of a common carrier.   Appellee had paid his fare and was riding in a car of the railway in charge of appellant.   The testimony on behalf of appellee tends to show that he was using due care and that the injury was caused by apparatus wholly under the control of appellant and furnished and managed by it, and that the accident was of such character that it would not ordinarily occur if due care had been used by appellant in the management of its railway.   This is sufficient *prima facie* proof of negligence to impose upon appellant the onus of rebutting it.   On this proof the law raises a presumption of negligence.

Counsel for appellant earnestly insists that these authorities do not apply in this case, and bases his contention, as we understand his argument, on the fact that the evidence of appellee and his companion, Kirby, is so unreasonable that it should be rejected.   Counsel insists that the proof shows that the seven cars on the scenic railway at the time of the accident were running about ten seconds apart, and that if the car carrying the appellee and Kirby had been stopped or checked, as testified to by them, the car following would have bumped into it.   The argument is also made that if the car in which appellee was riding had been slowed up or stopped, as they testified, the car, being on a curve at the time of the accident, would not have been able, from the grade, to gain enough motion to reach the end of the line.   Appellant insists in this connection that appellee could not have been thrown out of the car, as claimed by himself and Kirby; that they must have been standing up in the car and scuffling, because Kirby, when the car reached the end of the line, had appellee's hat in his hand.   No direct testimony supports such a conclusion and we do not think it can be fairly inferred from any evidence in the record.

Conceding, for the sake of the argument, that the testimony of appellee and his associate might for any reason be improbable, we cannot on that account disregard it. In the recent case of *Zetsche* v. *Chicago, Peoria and St. Louis Railway Co.* 238 Ill. 240, we considered this identical question, and we there said (p. 244) : "The Appellate Court and the trial judge are required by the law, upon the question being properly raised, to take into consideration the element of improbability, and if either regards the verdict as clearly against the preponderance of the evidence a new trial should be awarded. We cannot, upon consideration of this motion, reject testimony unless it is contrary to some natural law, as, for example, evidence that on a certain occasion the sun at noontime in this latitude cast a shadow to the south." It appears from the evidence that the rails upon which these cars ran were greasy from the oil and grease that fall from the cars and that the bearings of the cars were frequently oiled. We cannot say from the record before us that it would be contrary to the laws of nature, even if the car came to a full stop, for it to move on again on account of the grade and without being bumped by the car coming next behind it. The proof most favorable to the appellee, on consideration of the motion to find for the appellant, stands alone. We can consider nothing else. *Libby, McNeill & Libby* v. *Cook,* 222 Ill. 206; *Pronskevitch* v. *Chicago and Alton Railway Co.* 232 id. 136; *Reiter* v. *Standard Scale Co.* 237 id. 374.

The motion for a peremptory instruction was properly denied.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

CARTWRIGHT and DUNN, JJ., dissenting.