# Nancy M. Caughey, Appellee, v. Peoria Railway Company, Appellant.

## Gen. No. 5503.

1. VERDICTS—*what does not determine preponderance of evidence.* The number of witnesses alone does not determine the question as to where the preponderance of the evidence lies.

2. INSTRUCTIONS—*when upon question of damages in personal injury case not erroneous.* An instruction is not erroneous which tells the jury that they may allow the plaintiff such sums as in the judgment of the jury under the evidence and the instructions would be a fair compensation for injuries, if any, so far as such damages and injuries are claimed and alleged in the declaration.

Action in case for personal injuries. Appeal from the Circuit Court of Peoria county; the HON. N. E. WORTHINGTON, Judge, presiding. Heard in this court at the April term, 1911. Affirmed. Opinion filed October 13, 1911.

PINKNEY & MCROBERTS, for appellant.

JOSEPH A. WEIL, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Appellee was injured in alighting from a street car operated by appellant in the city of Peoria and brought this suit to recover damages therefor, charging said injuries to the negligence of appellant, and had a verdict and a judgment for $1500 from which defendant below appeals. Appellant does not argue here that the damages are excessive. It will therefore be unnecessary to discuss the character and extent of appellee's injuries. It is contended that there is a variance between the declaration and the proofs and that the preponderance of the evidence does not support the ver-

dict and that the court erred in rulings upon instructions.

The first count of the declaration charged that appellee was riding westerly upon appellant's car on Bradley avenue as a passenger and wished to leave the car at the intersection of that avenue with Culter street and signaled the conductor to stop at said intersection, and that pursuant to her signal, the car was stopped at that intersection and that, while, with due care for her own safety, she was attempting to step off from the car after it had come to a full stop at said intersection, the servants of appellant in charge of the car caused it to be suddenly moved forward and thereby she was thrown from the car to the ground and injured. The second count was similar, except that it further charged that appellant failed to afford appellee reasonable time and opportunity to alight from the car and failed to cause the car to remain stationary for a reasonable time till she could safely alight, but before a reasonable time had elapsed for her to alight, and while she was in the act of alighting appellant, without warning to appellee, caused said car to be suddenly started and by means thereof she was thrown to the ground and injured. The third count was similar, except that it charged that appellant so carelessly and negligently operated the car while appellee was alighting therefrom after the same had come to a full stop, that through the carelessness and negligence of appellant in that behalf appellee was thrown from the car to the ground and injured.

Appellee was riding west on the north side of an open car having a running board on that side from which passengers could alight. She signaled for the car to stop and it did stop. Appellee and two witnesses located upon the porch of a house nearby testified that she got down upon the running board after the car had stopped and took hold of the handle with her left hand, which would be the handle west of her, and stepped

upon the running board with her left foot and as she was stepping with her right foot to the ground the car gave a sudden jerk and she was thrown. One of the witnesses on the porch thought the jerk was caused by the release of the brake, and appellee attributed it to the starting of the car. The conductor, the motor-man, a passenger on the car and a person just getting upon the car at that street intersection, testified that the accident happened before the car stopped; that while the car was still in motion, appellee got upon the foot board, took hold of the handle back of her with her right hand and stepped off with her left foot and was thrown to the ground some ten feet before the car stopped. If the testimony introduced by appellee is true, she has a cause of action. If the testimony introduced by appellant is true, then the facts are substantially the same as those recited by us in Drane v. Sterling, Dixon & Eastern Elec. Ry. Co., 154 Ill. App. 70, and appellee was guilty of such contributory negligence as would prevent a recovery by her. Appellant assumes in argument that because it has four witnesses and appellee but three, the preponderance of the evidence is with appellant. We cannot assent to this conclusion. The jury have decided this controverted question of fact in favor of appellee. The trial judge has refused a new trial and has thereby approved the verdict. The preponderance of the evidence does not depend alone upon the number of witnesses. The jury and the trial judge saw the witnesses and may have seen that in their demeanor which entitled appellee's witnesses to more credit than those of appellant. It may be that if we were acting as jurors, we should decide the issues for appellant, but we find nothing in the record which would justify us in setting aside the conclusion of the jury, the tribunal appointed by law to try controverted questions of fact, and the conclusion of the trial judge.

It is contended that the court erred in giving the

first instruction requested by plaintiff. An instruction in practically the same language was approved in Chicago City Ry. Co. v. Bundy, 210 Ill. 39. Instruction No. 4, given at the request of plaintiff, relates to the measure of damages. It is contended that it is erroneous because it does not submit to the jury the question whether appellant was negligent, as charged in the declaration. It begins by saying "If you find for the plaintiff, you will be required to find the amount of her damages." By the very terms of the instruction it does not become applicable until they have found for plaintiff and thereby have found that defendant was negligent. It is urged that the conclusion of the instruction is erroneous where it tells the jury that they may allow appellee such sums as in the judgment of the jury, under the evidence and the instructions, would be a fair compensation for her injuries, if any, so far as such damages and injuries are claimed and alleged in the declaration. This language is not subject to the criticism made upon it. It does not mean that they are to allow appellee for whatever damages and injuries are alleged in the declaration, but for the damages and injuries which are proven so far as the damages and injuries proven are alleged in the declaration. This instruction has been approved in Chicago & Milwaukee Elec. Ry. Co. v. Ullrich, 213 Ill. 170, and Frank Parmelee Co. v. Wheelock, 224 Ill. 194. From the foregoing statement of the declaration and the proofs, it is obvious that there is no variance.

Finding no reversible error in the record, the judgment is therefore affirmed.

*Affirmed.*