### IN THE

# SUPREME COURT OF ILLINOIS.

200      9
107a ¹ 92
108a ¹653

200      8
110a ³209

200      9
112a ⁵ 52
e112a³622

SPRINGFIELD CONSOLIDATED RAILWAY COMPANY *et al.*

*v.*

ELEANOR PUNTENNEY.

*Opinion filed October 25, 1902—Rehearing denied December 16, 1902.*

1. APPEALS AND ERRORS—*when party cannot complain of instructions.* One cannot complain of defects in his opponent's instructions if the same defects appear in his own.

2. NEGLIGENCE—*rule of liability for combined negligence.* A street railway company cannot relieve itself from liability for its own negligence in running a car against a cab in which plaintiff was riding as a passenger of a transfer company, by showing that the driver of the cab was also negligent.

3. INSTRUCTIONS—*what not harmful error in instruction.* Error in giving an instruction, in an action wherein only compensatory damages could be recovered, which authorizes the jury to assess such damages as they believe, from the evidence, plaintiff "is entitled to," is not harmful, where a subsequent instruction states a substantially correct rule and confines damages to such sum as should compensate the plaintiff.

4. EVIDENCE—*it is not the province of a witness to deduce inferences from his testimony.* In an action against a street railway company

and a cab line company for injuries received by plaintiff in a collision between·a street car and the cab, if the motorman has stated what he did to avoid the collision it is proper to refuse to permit him to answer the question, "Do you know of anything you could have done, that you did not do, to avoid that collision there?"

5. SAME—*when conversation just after accident is properly excluded.* In an action against a street car company and a transfer company for damages due to a collision between a car and a cab, a conversation between a witness for the street car company and the driver of the cab, after the accident, in which it is claimed the driver stated that it was all his fault, is properly denied admission, where it is not made to appear the conversation was part of the *res gestœ.*

*Springfield Consol. Ry. Co.* v. *Puntenney,* 101 Ill. App. 95, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

BLUFORD WILSON, PHILIP BARTON WARREN, DAVIS McKEOWN, and SCHOLES & BARBER, for appellants.

T. E. LYON, and SHUTT & GRAHAM, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellee, Eleanor Puntenney, recovered a judgment in the Sangamon circuit court against the appellants, the Springfield Consolidated Railway Company and the Springfield Transfer Company, for damages for personal injuries which she received in a collision between a street car of said railway company and a cab of the transfer company in which she was being conveyed as a passenger. The Appellate Court affirmed the judgment, and the defendants have brought the record to this court for review on errors of law.

The declaration, after setting forth the duty of the defendants,—of the transfer company to safely carry the plaintiff as a passenger and of the street car company to run its cars along the street with due care and caution to avoid injuring others,—then charged, in substance, that

the transfer and railway companies did not regard their said duties, but so carelessly, unskillfully and negligently conducted themselves, that by and through the negligence and default of their servants, and for want of due care and caution in the performance of their duties, the cab of the transfer company in which plaintiff was being conveyed, and while she was in the exercise of due care, etc., was, by reason of the negligence of said transfer and railway companies, run into with great force and violence by a car of said railway company which was then and there running at a great rate of speed, to-wit, a speed of fifteen miles an hour, "by means whereof" the plaintiff was violently thrown against the side of the cab, and was severely cut and bruised and her spinal cord and nervous system were injured, and that she suffered permanent injuries, etc.

The transfer company has filed no briefs in this court, but in elaborate briefs and argument the railway company insists that as against it the judgment is erroneous, and that the injury was caused solely by the negligence of the driver of the cab, who was the servant of the transfer company, and that there was no evidence tending to prove negligence on its part. No contention is made that appellee was guilty of any contributory negligence in the matter. The railway company contends that the only charge of negligence in the declaration against it is, that it was at the time running its car at a great rate of speed, to-wit, fifteen miles an hour, and that the trial court erred in not instructing the jury to that effect, and that the plaintiff could not recover against it for any other act of negligence. The allegation of negligence in the declaration was not as specific and clear as it should have been, but no demurrer was interposed, and it was sufficient to form an issue upon and to support a verdict. The allegation in the count cannot, by any reasonable construction, be confined to a charge of negligence in running the car at an unusual or a dangerous rate of

speed. It is much more general. The speed of the car is stated as merely descriptive of one of the conditions existing at the time, which contributed to the injury. As the charge of negligence was general, and there was evidence tending to prove that the motorman could by proper care and caution have stopped the car on the crossing before striking the cab, after he saw that it.was approaching the crossing and that the driver did not appear to notice the car, it is clear the court decided correctly in not instructing the jury on this point as requested by the railway company.

The point is also made that the court erred in not instructing the jury to find the railway company not guilty. The ruling of the court was correct. There was sufficient evidence to go to the jury on the question whether the motorman used due care to bring the car under control and to stop it after he saw the approaching cab, and thus to prevent the collision, as well as upon the question of undue speed.

The objection is also made that the court, in instructions given at the instance of the plaintiff, referred to the negligence necessary to be proved, as "negligence as charged in the declaration," without telling them what negligence was charged or what negligence the evidence had any tendency to prove. It is a sufficient answer to say that if this was error it was participated in by the defendants as fully as by the plaintiff. Many of the instructions asked and given on behalf of the railway company contained the same alleged defect now complained of.

The point is also made that two of plaintiff's instructions told the jury they might find the defendants guilty if they believed, from the evidence, they were guilty of negligence which contributed to the injury, without confining it to the negligence charged. There was no proof of negligence not included in the allegations of the declaration, and the omission in the two instructions, if it

would otherwise be regarded as harmful error, was cured by other instructions given at the instance of the plaintiff, and of the railway company as well.

The railway company asked the following instruction:

11. "The court instructs the jury that the plaintiff has filed her declaration containing one count, which states her cause of action; that in and by said declaration she charges both the defendants with negligence causing said injury; that the jury may find one or both of the defendants guilty or not guilty, as the jury may determine from all the evidence in the case; that before the jury can find the defendant the Springfield Consolidated Railway Company guilty, they must believe, from a preponderance of the evidence, that the said Springfield Consolidated Railway Company is guilty of the negligence charged against it in said declaration; that the injury, if any, sustained by the plaintiff was a natural consequence of the negligence charged against the said Consolidated Railway Company, flowing directly and immediately, in unbroken sequence, from said alleged negligence, *without any possible intervening and probable efficient cause to which such injury might have been due, in whole or in part.*"

But the court modified it by striking out the words, "without any possible intervening and probable efficient cause to which such injury might have been due, in whole or in part," and then gave it, as modified, to the jury. The modification complained of was not only proper, but necessary. The evidence tended to prove that the injury was caused by the combined negligence of both defendants, and each endeavored, on the trial, to exculpate itself by inculpating the other. As asked, the instruction would have led the jury to conclude that even if the railway company was guilty of the negligence charged, still, if the driving across the track in front of the approaching car by the driver of the cab was a "possible intervening and probable efficient cause to which such injury

might have been due, in whole or in part," then it would not be liable.    If such a rule were established no action could be maintained for injuries caused by the combined negligence of different tort feasors acting independently. The plaintiff herself being rightfully on the track, the railway company could not relieve itself from the effect of its own negligence in running the car against her by proving that the transfer company negligently placed her there.    We are unable to see that the question of proximate and remote cause has any relevancy to this case under the evidence.

What has been said disposes also of the alleged error of the court in refusing to submit certain interrogatories to the jury bearing upon the same question.

In view of the large verdict, and of the fact that the plaintiff could recover compensatory damages only, the most serious question, perhaps, in the case, arises on the first instruction given on behalf of the plaintiff.    This instruction, after stating the rule as to liability for negligence, proceeded as follows: "You may, in such case, find both of the defendants guilty, and assess such damages as in your judgment, under all the evidence and the facts and circumstances in evidence, plaintiff is entitled to."    This instruction stated no rule to guide the jury in assessing damages, but, standing alone, authorized them to allow her whatever sum they thought she was entitled to.    But plaintiff's fifth instruction given was as follows:

"If you find for the plaintiff in this case, then, in determining the amount of damages the plaintiff is entitled to recover, if any, you should take into consideration all the facts and circumstances in evidence before you, the nature and extent of the plaintiff's injuries, if any, her pain and suffering resulting from such injuries, if any, and also such future or prospective pain and suffering and loss of health and strength as you may believe, from the evidence, if any, which she has sustained or will in

the future sustain by reason of such injuries, and also such sum or sums as plaintiff has become liable for, if any, for nursing and medical service because of said injury, and give her such sum as in your judgment, under all the evidence, will compensate her."

This instruction explains the first by referring to the amount of damages the plaintiff would be "entitled to recover" and then states the rule with substantial accuracy, and confines such damages to such sum as would compensate her. Reading the two instructions together, as they should be read, we are of the opinion that no harmful error was committed.

Two exceptions to the ruling of the court in refusing to admit testimony remain to be considered. After the motorman, as a witness for the railway company, had given his version of the accident and had stated what he did to avoid it, counsel for said company asked him, "Do you know of anything you could have done, that you did not do, to avoid that collision there?" The court sustained plaintiff's objection and counsel excepted. It is apparent that whether the witness could have done more than he did to avoid the accident was a question for the jury, and not for the witness, to decide. In other words, it was not proper for the witness to state that he omitted no act of care or caution to avoid the injury. True, the form of the question was somewhat less objectionable on this ground, inasmuch as it was whether he *knew* of anything he could have done, and not whether he could have done anything he did not do. But its purpose was the same, and it would have merely elicited the opinion that the witness, acting for the company, did all that he could have done to prevent the collision. He had already testified: "I was sixty or sixty-five feet back of the City Hall when I first saw the bus. It was on Seventh street, forty-five feet south of the track I was on. The horse was being driven at about a dog trot. After crossing the switch I rang the gong from the time I saw the cab until

I ran into it. The driver of the bus did not do anything. At that time he was looking ahead. There was no obstruction between him and my car. The cab came in sight. I was ringing the bell at the time. Of course, I kept on going, not knowing whether he would turn his horse or what he was going to do. When I saw he was not attempting to stop his horse I turned on the brake and reversed the car." The jury may well have believed from his own testimony that although the witness saw the cab approaching the track on the crossing and saw that the driver was looking ahead and paying no attention to the car, he, the witness, not knowing whether the driver would turn out or not, kept on without checking the speed of the car until it was too late to avert the accident. It was not the province of the witness to deduce inferences from or to express opinions upon facts which he had testified to. We find nothing in *Rack* v. *Chicago City Railway Co.* 173 Ill. 289, cited by counsel, contrary to this view.

It is also claimed that the court erred in not allowing Louis Dellert, a witness called by the railway company, to testify to a conversation he had with the driver of the cab just after the accident, in which it is claimed the driver said it was all his fault. The event had fully transpired, and what was said was purely narrative of a past transaction fully ended, and did not characterize or in any way relate to a transaction then taking place. While the statements of the driver of the cab sought to be proved were claimed to have been made almost immediately after the accident, it did not appear but that they were made under circumstances that would deprive them of their spontaneous character as utterances called forth by the transaction itself. We are of the opinion that it was not made to appear that the statements called for were a part of the *res gestæ*, and the court did not err in excluding them. See *Monroe* v. *Snow*, 131 Ill. 126; 21 Am. & Eng. Ency. of Law, 99, 102.

The question raised as to excessive damages was finally disposed of in the Appellate Court. As we have seen, no errors of law intervened to affect that question.

The judgment must be affirmed.

*Judgment affirmed.*