## C. Helmer Johnson, Administrator of the Estate of William Peat, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 15,933.

1. EVIDENCE—*when admission of ordinance will not reverse.* If the evidence is contradictory as to whether horses were unattended, notwithstanding the Appellate Court may be of opinion that such horses were not unattended at the time of the accident in question, the admission of an ordinance which makes it a misdemeanor to leave any horse or other animal attached to any vehicle in any public street in the city without securely fastening such horse or other animal, will not reverse.

2. INSTRUCTIONS—*when failure to confine jury to negligence averred, will not reverse.* Such a failure will not reverse if the facts

as shown in the record do not tend to establish or raise the presumption that the servants of the defendant had been negligent otherwise than as averred in the declaration.

3. INSTRUCTIONS—*when do not estop upon question of identity.* Instructions which assume that the deceased was plaintiff's intestate do not estop the defendant to urge upon review the question of the lack of identity.

4. PLEADING—*what not admitted by general issue.* The plea of the general issue does not admit that the person killed was in fact the plaintiff's intestate.

Action in case for death caused by alleged wrongful act.    Appeal from the Superior Court of Cook county; the HON. BEN M. SMITH, Judge, presiding.    Heard in the Branch Appellate Court at the October term, 1909.    Reversed and remanded.    Opinion filed November 14, 1911.

JAMES MAHER and C. LEROY BROWN, for appellant.

JOHNSON & BELASCO, for appellee; JOEL BAKER, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

Suit was brought by the appellee as administrator of the estate of William Peat, against the Chicago City Railway Company and Schwarzschild & Sulzberger Company, appellants, for wrongfully causing the death of the said William Peat.

There was a trial before the court and a jury, resulting in a verdict in favor of the plaintiff and against both defendants. A separate appeal was taken by each of the defendants, the cases being consolidated for argument. The appeal of Schwarzschild & Sulzberger Company appears as General Number 16040 in this court. (*Post,* p. 56.)

The accident happened on May 18, 1906, at about five o'clock in the afternoon, near the corner of State and Forty-seventh streets, in the city of Chicago. Forty-seventh street runs east and west, and State street north and south. It appears that a two-horse team of

Johnson v. Chi. C'y R'y Co., 166 Ill. App. 49.

the Schwarzschild & Sulzberger Company, attached to what is called a turn-table wagon, was left unattended and unfastened on the north side of Forty-seventh street, about 75 to 100 feet west of State street, while the driver went into a saloon. While the driver was in the saloon the horses stepped on the sidewalk and stood at rightangle or nearly so to the body of the wagon. A street car from the east came along. Upon the step at the forward end of the car it is claimed the plaintiff's intestate was standing, and as the car was moving along the front end of the wagon was backed into it in such a way as to cause the plaintiff's intestate, as alleged, to be thrown from the car and injured. It is asserted that the car and platform were crowded, and that plaintiff's intestate was attempting to get through the crowd on the platform and into the car. It is claimed that death followed about seven hours after the accident, due to the injuries so sustained.

The first count of the declaration charges general negligence on the part of the Chicago City Railway Company in driving, managing and operating its car, and general negligence on the part of Schwarzschild & Sulzberger Company in driving, managing and controlling its team.

The second count charges negligence on the part of the Chicago City Railway Company in driving, managing and operating its car, and the violation on the part of S. & S. Company of an ordinance of the city of Chicago, in failing to fasten the horses as required by the ordinance, and that by and through the negligence of both defendants the intestate was injured.

The third count charges negligence in managing and operating the car, with failure of the S. & S. Company to have the horses attended in the street and allowing the horses and wagon to back towards the approaching car, whereby the intestate was injured.

A separate plea of the general issue was filed by each of the defendants.

We shall consider both appeals in one opinion.

The errors alleged by the Railway Company, because of which they insist the judgment should be reversed, are that the judgment is contrary to the law and the evidence because there is no evidence that plaintiff's intestate was injured in connection with the occurrence testified to, and no evidence that he died as a result of injuries so received; that there is no evidence whatever of the exercise of any care by the man who was injured; that there is no evidence which shows both the exercise of care by the injured man and negligence by the Railway Company; and that the overwhelming preponderance of the evidence shows that the accident took place in the manner testified to by the witnesses for the Railway Company, and that according to this version the Railway Company was not liable. It is further insisted that the court erred in instructing the jury.

On the part of the S. & S. Company the same points are made, excepting as to the non-liability of the Railway Company, and two additional grounds are stated: first, that the evidence shows that the S. & S. Company was not guilty of negligence; and second, that the court erred in admitting in evidence the ordinance referred to in the declaration.

We will first consider the second of these alleged errors. The ordinance referred to makes it a misdemeanor to leave any horse or other animal attached to any vehicle in any public way in the city, without securely fastening such horse or other animal. Whether or not the ordinance should have been received in evidence depends on whether or not the horses were unfastened and unattended at the time of the accident. All of the witnesses except one asserted that the driver was at the horses' heads at this time. There was a con-

troversy between the witnesses as to whether or not the accident was due to his negligence in causing the wagon to be backed into the car. On this point there was sharp contradiction in the testimony of the witnesses for the two appellants. The testimony of the witnesses for the appellee tended to support the contention of the Railway Company in this respect. One witness testified that there was no one at the horses' heads at the time of the accident. While in our opinion the driver was at the horses' heads at the time of the accident, still we should not feel it our duty to reverse the case on the ground that the ordinance referred to was improperly admitted in evidence.

The appellant S. & S. Company insist that the case should be reversed because of the giving to the jury of the following instruction tendered by the Railway Company:

"16.   The court instructs the jury that you have the right and should find your verdict against one of the defendants in this case if you believe from a preponderance of the evidence that the negligence of such defendant through its servant or servants was the cause of the accident and that negligence of the other defendant did not cause or proximately contribute towards causing the accident, but in no case should you find a verdict against the defendants or either of them unless you believe that at the time of the accident in question the deceased, William Peat, was in the exercise of ordinary care for his own safety. Ordinary care is such care as a reasonably prudent person would ordinarily exercise under the same or like circumstances."

It is averred that this instruction is wrong because it did not confine the jury to the negligence averred in the declaration. We think the facts as shown in the record do not tend to establish or raise a presumption that the servants of either defendant had been negligent otherwise than as averred in the declaration, and

the instruction therefore was not improper. Chicago City Railway Co. v. Tuohy, 196 Ill. 410; Springfield Con. Ry. v. Puntenney, 200 Ill. 9-12.

We have carefully considered the objections raised to instructions given at the instance of the plaintiff in the court below, and in passing upon them will say simply that we think in connection with instructions given on behalf of the defendants they correctly stated the law of the case to the jury, and that no error which should cause reversal appears.

We do not think that the case should be reversed on the ground that there is no evidence that the man who was injured exercised any care for his own safety. That, in our judgment, was a question which was properly left to the jury to be determined from all the facts and circumstances of the case. It was for the jury to determine whether or not plaintiff's intestate, if he was the person injured, could have seen the truck, and if so whether he could and should have alighted from the car in time to have avoided the accident. In a case very similar the Supreme Court held that the court below did not err in refusing to direct a verdict for such lack of proof. Math v. Chicago City Ry. Co., 243 Ill. 114.

We now have to consider the point raised by both appellants that there is no evidence that appellee's intestate died as a result of the injuries sustained in the occurrence upon which the suit is based. This question presents the greatest difficulty. The record is singularly lacking in any direct proof establishing the identity of the plaintiff's intestate with this accident. Our attention has been called to the direct examination of the witness Wickstrom. This witness was asked the question, ''Did you witness an accident to a man named Peat?'' His answer was, ''Yes sir.'' On cross-examination he stated, ''I did not know the person that was hurt out there at Forty-seventh and State streets.''

This testimony of itself would not be sufficient proof that plaintiff's intestate was the person injured in this accident.   On cross-examination by the attorney for the S. & S. Company of two witnesses called by the Railway Company, allusion was made to a coroner's inquest held shortly after the accident, but there is no testimony to establish the fact that that inquest was held over the body of William Peat.   The assertion is made by the attorneys for the appellee in their brief that such was a fact.   We have, however, looked in vain in the record for any proof of this assertion.   The daughter of plaintiff's intestate testified that her father died seven hours after the accident in the Baptist hospital.   She did not say what accident, and had no knowledge herself of any accident.   The appellee further insists that the appellants are estopped now from claiming that there was no proof of the identity of plaintiff's intestate as being the person injured on the day in question, by the instructions tendered by them, because these instructions assume that the decedent was William Peat, the plaintiff's intestate.   The following cases seem to be authority for the contrary doctrine:   Illinois Central R. R. Co. v. Nowicki, 148 Ill. 29; West Chicago St. Ry. Co. v. Liderman, 187 *id.* 463; North Chicago Street Ry. Co. v. Cossar, 203 *id.* 608; Illinois Central R. R. Co. v. Swift, 213 *id.* 307.

It is further asserted by the appellee that the plea of the general issue admitted the identity of William Peat, plaintiff's intestate.   It is true that by filing no plea other than the general issue the appellants admitted the right or capacity in which the plaintiff sues; that is to say, that C. Helmer Johnson, the plaintiff, was duly appointed administrator of the estate of William Peat and that William Peat is dead.   They did not, however, admit that William Peat was the person alleged to have sustained the injuries on the day in question.   No testimony was offered by the appellee

as to the extent of the injuries received by the person who was injured. The case seems to have gone to the jury upon the assumption that because there was proof that William Peat died seven hours after the accident that his death was due to the accident. If it be admitted that the person injured was William Peat, and that he died seven hours after the accident at a hospital, the inference would be very strong that his death was occasioned by the injuries received. We think, however, that there should have been some testimony as to the extent of the injuries and as to the treatment given after the accident, so that the direct cause of intestate's death might not be a matter of mere inference or conjecture. From all that appears in the record, the injuries may have been of the slightest character and insufficient to cause death, or they may have been so serious as to make it perfectly apparent that death directly ensued therefrom. We cannot tell.

In our opinion the motion for a new trial should have been allowed, and the judgment will therefore be reversed and the cause remanded.

*Reversed and remanded.*