## Ethel Levy, Defendant in Error, v. Morand Brothers, Plaintiff in Error.

### Gen. No. 18,697.

EVIDENCE, § 79*—*when conversations not admissible as part of res gestae.* In an action to recover for personal injuries inflicted by an automobile, evidence of conversation between plaintiff and the chauffeur and the latter and a police officer, after the injury and after plaintiff had been placed in the automobile, *held* erroneously admitted.

Error to the Municipal Court of Chicago; the Hon. HARRY C. MORAN, Judge presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed March 9, 1914.

F. J. CANTY, for plaintiff in error; R. P. GARRETT, of counsel.

MacCHESNEY, BECKER & BRADLEY, for defendant in error; HARRY E. SMOOT, of counsel.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

In tort for personal injuries plaintiff had a verdict for seven hundred and fifty dollars, from which she remitted two hundred and fifty dollars, had judgment for five hundred dollars, and defendant prosecutes this writ of error. She was struck by an automobile of the defendant at a street intersection. Whether defendant was negligent, whether plaintiff was guilty of contributory negligence and whether the recovery is excessive for the injuries sustained are among the questions in dispute. Police officer Corcoran testified that he saw the accident; that plaintiff was lying on the pave-

ment with the machine on her skirt; that he helped to shove the machine away from her and to put her in the machine and after she was in the machine had a conversation with the chauffeur. He was permitted to testify, over the objection of the defendant, that in such conversation he upbraided the chauffeur, told him that he ran away from the whistle, that he had plenty of time to stop on the east side of the walk, and that he did not remember that the chauffeur made any reply.

The chauffeur went with officer Corcoran and plaintiff to the police station and then took the plaintiff home. She was permitted to testify, over the objection of defendant, that on the way home he asked her what the officer said and she answered that he said: "You ignored the signal," and he replied: "Well if the policeman said I ignored the signal there is no use in denying it," and that he also said that he was in hard luck and hoped that nothing would come of the case. Another witness was permitted, over the objection of defendant, to testify that the chauffeur said that, "he could not stop his machine in time to stop before the crossing of the path for people to cross."

We think that it was reversible error to admit evidence of the declarations of or conversations with the chauffeur under the circumstances shown by the evidence in this case. "A declaration made concurrently with the act and constituting a part of the *res gestae* is admissible in evidence, but where it is a mere narration in regard to a transaction already passed, it does not bind the principal and cannot be proved." *Baier v. Selke*, 211 Ill. 512, 518. Testimony of a conversation with the driver of a cab had just after the accident, in an action against the owner for the negligence of the driver, in which the driver said it was all his fault, is not admissible. *Springfield Consol. Ry. Co. v. Puntenney*, 200 Ill. 9.

For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*