# Parker's Administrator _v._ Abrams.

_Action for Breach of Contract for Delivery of Cotton._

1. _Motion in arrest of judgment._ — A motion in arrest of judgment must be founded on matter of record; and if the complaint contains a substantial cause of action (Rev. Code, § 2811), the judgment will not be arrested on account of an irregularity which is amendable, or which has been waived by appearance.

2. _Waiver of process to revive, by appearance._ — In an action on a contract against several defendants jointly bound, one of whom dies before service of process, if his personal representative appears, and proceeds to trial without objection, this is a waiver of a _scire facias_ or motion to revive, and is equivalent to a revivor by consent.

3. _Judgment against surviving obligors and personal representative of deceased obligor._ — On the death of one of several defendants, jointly sued in an action for breach of contract (Rev. Code, §§ 2546–7), if his personal representative is regularly brought in, or appears without objection, a judgment may be rendered against him, to be levied _de bonis intestatis_, at the same time a judgment is rendered against the other defendants, unless it appears that eighteen months have not elapsed since the grant of his letters.

APPEAL from the Circuit Court of Butler.
Tried before the Hon. P. O. HARPER.

JAS. M. WHITEHEAD, for appellant.

JUDGE & HOLTZCLAW, _contra._

[Parker's Administrator *v.* Abrams.]

PETERS, C. J. — This is an action for damages, founded on a written contract for the delivery of a bale of cotton, which is alleged to have been broken by a failure to deliver the cotton as agreed upon. The action was commenced on the 15th day of February, 1867, in the circuit court of Butler county. The contract was made by James W. Matthews, Gideon Bland, and H. E. Parker; and these are the parties who are sued. On the return of the summons, at the March term of the court in 1867, Parker was not found. On the 25th day of March, 1868, the death of Parker was suggested, and a motion was made that the suit abate as to him. This motion was granted. The cause was then regularly continued, until November 23, 1870, when the death of Parker was again suggested, and leave was granted to amend the complaint, by inserting the name of Peter Wesley as the administrator of his estate; and an *alias* summons and complaint was ordered for Wesley, as the administrator of Parker, deceased. This was issued as a branch writ, and sent to Lowndes county, and served on Wesley on March 20, 1871. At the April term of the court in 1871, Wesley appeared, and pleaded in abatement to the *sci. fa.*, that he was not the administrator of Parker, but his executor. This plea was properly sworn to, and filed in open court May 22d, 1871. The cause was then again continued, until the Fall term, 1871, when there was a trial by a jury, which took place on November 21st, 1871, and there was a judgment for the plaintiff. The entry of this judgment is in the following words, viz.: "J. R. Abrams, surviving partner, &c., *v.* James W. Matthews, Gideon Bland, Peter Wesley, adm'r of H. E. Parker, deceased. This day came the parties, by their attorneys, and also came a jury of good and lawful men, to wit, Louis Harrell and eleven others, who, being duly empanelled, sworn, and charged well and truly to try the issue joined between the parties, upon their oaths do say, that they find for the plaintiff, and assess his damage at two hundred and ten $\frac{70}{100}$ dollars. It is therefore considered by the court, that the plaintiff recover of the defendants, James W. Matthews and Gideon Bland, the sum of two hundred and ten $\frac{70}{100}$ dollars, the damages so assessed as aforesaid, and also the costs in this behalf expended, for which let execution issue. It is further considered by the court, that the plaintiff recover of Peter Wesley, as the legal representative of H. E. Parker, deceased, the said sum of two hundred and ten $\frac{70}{100}$ dollars, the damages so assessed as aforesaid, and also the costs in this behalf expended, to be levied of the goods and chattels of the estate of the said H. E. Parker, deceased, in the hands of the said Peter Wesley to be administered; for which let execution issue. The satisfaction of either one of said judgments and costs is to be a satisfaction of both."

At the same term of the court at which this judgment was rendered, Wesley moved in arrest of the judgment against him, on five grounds: "1st, because he had never been made a party to the suit; 2d, because said judgment was void as to him, inasmuch as it had been rendered at the same term of the court at which it had been rendered against the administrator jointly with the other defendants; 3d, because Wesley was made a party by an amendment of the plaintiff's complaint; 4th, because said Wesley was not made a party by *scire facias* after the death of Parker; 5th, because Wesley was brought into court on an original summons and complaint, on an independent action, commenced against him at a different time from the original suit." This motion in arrest of judgment was denied, and Wesley excepted. The record also shows that, " On the trial of the cause, a demurrer was interposed to the summons and complaint by the defendant Wesley." The causes of this demurrer are two: " 1st, that he was not made a party to the suit within the time required by law; 2d, that he was not made a party to the suit in the manner required by law." This demurrer was also overruled, and Wesley again excepted. Wesley alone appeals to this court, in his character of representative of Parker, deceased, and here he assigns for error the overruling of his motion in arrest of judgment, and the overruling of his demurrer in the court below.

1. The only ground of arresting a judgment is some matter appearing on the face of the record. 2 Tidd's Pr. 918. It is said that " parties cannot move in arrest of judgment, for anything that is aided after verdict at common law; or amendable at common law, or by statutes of amendments; or cured as matter of form, by statute of jeofails." 2 Tidd's Pr. 819. There is nothing apparent on the record in this case which sustains the grounds of arrest above insisted on. The record shows that said Wesley appeared by his attorney at the trial by the jury, and submitted his case upon the merits, and the verdict was against him. After this, he cannot be permitted to go behind the verdict for matters in arrest of the judgment. " No judgment can be arrested, annulled, or set aside, for any matter not previously objected to, if the complaint contains a substantial cause of action." Rev. Code, § 2811. None of the matters here relied on in arrest was objected to before the judgment. There was a plea in abatement; but it was either abandoned, or found against the defendant. The record does not show what was done with it.

2. What has been said of the motion in arrest, applies with equal force to the demurrer. The grounds for demurrer are not shown to exist in the record. When this is the case, the

demurrer should be overruled. The action here, being founded on a contract, does not abate on the death of the defendant. Rev. Code, §§ 2542, 2546, 2555. And if the representative appears and defends, as was done in this suit, this is enough, without a *scire facias*, or motion to revive. When the representative appears in court, and proceeds in the trial, if he is a person then competent to do so, as to him the suit is revived. This the record shows the representative did in this case. This is equivalent to a revival by consent. The consent takes away the irregularity, if any, of such a revival.

3. The judgment against Wesley as the representative of Parker, deceased, seems to be regular in form, and is such as our statute allows. There is nothing in the record that shows that it was rendered too soon. This is a suit against joint obligors. Such a suit shall not abate, or be dismissed, or discontinued, as to any one or more of such obligors, who may die pending the suit, but the same may be revived against the representative of such deceased obligor or obligors; and the suit may proceed against the survivors and such representatives; but no judgment must be rendered against such representatives until after the lapse of eighteen months from the grant of letters. Rev. Code, § 2546. A postponement of the trial against the representative is only necessary, when the eighteen months from the grant of letters have not elapsed. Rev. Code, § 2547. There is no necessity for the expense and delay of two trials, when the representative is in court, and is willing to proceed. There is no greater anomaly in such a procedure, than there is when there are several defendants, and each relies on different and separate pleas for his defence, and when there may be several verdicts and several judgments. The statute does not seem to forbid such a practice, but rather to allow it. Rev. Code, §§ 2547, 2554.

The appellant cannot complain that no notice was taken of the order of abatement, made upon the first suggestion of the death of Parker. We will presume, after the appearance and plea of the representative, that he consented to waive it. This consent estops him from assigning it as error, or insisting on it here. Besides, it is not assigned for error, and for this reason also it will not be noticed.

The judgment of the court below is affirmed.