[Cutliff v. Birmingham Ry. L. & P. Co.]

# Cutcliff *v*. B'ham Ry. L. & P. Co.

*Action by Passenger for Personal Injuries.*

(Decided July 6th, 1906. 41 So. Rept. 873.)

1. *Trial; Order of Proof; Rebuttal.*—The defendant having shown that plaintiff was on the cars next day after the alleged injuries, and plaintiff, in rebuttal, having testified that she went to church next day not knowing the extent of her injuries, she was asked how long after that before she went out from home again; objection was sustained to the question. Held, properly so, as the evidence sought to be elicited was not in rebuttal to any thing brought out by defendant.

2. *Appeal; Misconduct of Counsel; Assignment of Errors.*—Plaintiff is not entitled to assign as error, on appeal, misconduct of counsel for defendant in argument to which plaintiff objected, and which objection was sustained by the trial court.

3. *Same; Right to Allege Error.*—Plaintiff cannot assign as error, on appeal, a charge given for defendant, to the giving of which plaintiff consented before it was given.

4. *Carriers; Street Railways; Injuries to Passengers; Failure to Take Seat; Contributory Negligence.*—Although there were vacant seats, and plaintiff had time to take one before the car started, her failure to do so did not render her guilty of contributory negligence as matter of law, where the injury is alleged to have resulted from negligence in starting the car with an unusual and sudden jerk.

APPEAL from Birmingham City Court.

Heard before HON. CHARLES W. FERGUSON.

This was an action for damages, brought by plaintiff a passenger, for person injuries alleged to have been received occasioned by the car starting with a sudden jerk while plaintiff was attempting to alight. A member of demurrers were interposed, not necessary to be here set out. Issue was joined on the general issue and two pleas, setting up contributory negligence, to the seventh count of the complaint. On the trial of the cause the bill of exceptions shows that after defendant had introduced testimony showing that plaintiff was on the car

the next day, plaintiff was reintroduced as a witness in rebuttal and testified that she went to church next morning, not knowing the extent of her injuries. Plaintiff's counsel asked witness: "How long after that before you went out from your home?" Objection was sustained to this question, because it was not in rebuttal of anything brought out by defendant, and plaintiff excepted. The defendant's counsel said to the jury: "Gentlemen of the jury, you have been selected as jurors because of your intelligence and fairness. Mr. Lane, one of plaintiff's attorneys, has clients on the jury; but the defendant has taken them knowing that they would decide justly and fairly." Plaintiff excepted to the foregoing remarks, and requested the court to instruct the jury that they were improper and should not be considered. The bill of exceptions then shows the following: "The presiding judge said: 'Yes; I sustain the objection. There is no proof in the case that Mr. Lane has clients on the jury.' And to the court's sustaining the objection, the defendant excepted."

The charge is as follows: "It was not the duty of defendant to keep its car standing until plaintiff had taken her seat in the car, but only until she had reached the inside of the car." The fourth charge, requested by the plaintiff and refused under circumstances stated in the opinion, is as follows: "(4) I charge you, gentlemen of the jury, at the request of the defendant, that it was not the duty of the defendant to keep the car standing until the plaintiff had taken her seat in the car, but only until she reached the inside of the car; but I charge you, further, that if the defendant's motorman knew, or in the exercise of reasonable care would have known, that she had not taken her seat, and the said motorman operating the car negligently started said car with a sudden and unusual jerk, and that the same caused the plaintiff to fall, and that the fall injured her, and that said negligence of the motorman was the sole proximate cause of plaintiff's injuries, then the plaintiff is entitled to recover." The following charges were also given at the request of the defendant: "(2) If the jury find from the evidence that the plaintiff by the exercise of reasonable diligence could have reached and taken

her seat before the car started, and failed to do so, then the plaintiff was guilty of negligence. (3) If, after a fair and full consideration of all of the evidence in this case, any individual juror believes that the car did not start with an unusual jerk, the jury cannot find a verdict in favor of the plaintiff."

W. K. TERRY and O. A. LANE, for appellant.—The court erred in giving charge 2 requested by the defendant.—Beach on Contributory Negligence, §§ 291-294; *Armstrong v. Montgomery Street Railway*, 123 Ala. 233;*Williams v. Hendricks*, 115 Ala. 287. Charge 3 given at the request of the defendant was error.—*Cunningham v. The State*, 117 Ala. 56. Counsel discuss other assignments of error but cite no authority.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellee.— Counsel discuss assignments of error but cite no authority.

ANDERSON, J.—There was no error in sustaining the objection to the question asked plaintiff when examined, as it was not in rebuttal to anything brought out by the defendant.

It is needless for us to determine whether so much of the argument of counsel excepted to by the plaintiff was improper or not, since the plaintiff is in no position to complain if it was. "To bring questions growing out of improper argument of counsel under review, the trial court must first be appealed to, to remedy the wrong by eradicating any effect the argument may have had on the minds of the jury, through appropriate instructions given them at the time and otherwise. If the court fails to act, upon such appeal being made to it, or acts erroneously, an exception reserved to the act or omission of the court, and that alone will bring the question before us. But we cannot revise judgments here on account of sayings and doings of counsel. We review only the action of nisi prius courts."—*Stone v. State*, 105 Ala. 60, 72, 17 South. 114; *King v. State*, 100 Ala. 85, 14 South. 878. In the case at bar the court did what the plaintiff asked, and the defendant, and not the plaintiff, reserved an exception to the action of the court.

[Cutliff v. Birmingham Ry. L. & P. Co.]

The record recites that charge 1, requested by defendant, was at first refused, and so marked, and that the plaintiff's counsel, after examining it, consented for it to be given. We do not think the plaintiff is in a position to complain of the court's action in giving this charge. When counsel, actuated, no doubt, by a confidence in the finding of the jury in favor of their client, consent to rulings of the court on doubtful questions, to deprive the other side of what might be reversible error, they cannot be permitted to afterwards charge error because the jury disappointed them by their verdict.

Charge 4, requested by the plaintiff, doubtless, was intended as a qualification or avoidance of charge 1, requested by defendant, but which would be meaningless and bad if the jury did not have before them said charge 1, requested by defendant. It appears from the record that, when the judge acted on and refused this charge of plaintiff, he had previously refused charge 2 of defendant. So, with charge 1 out when acting on this charge, it was properly refused. After the court had refused both charges, the plaintiff consented to the giving of defendant's charge 1, and, as conditions were changed by her acts, we think that plaintiff should have requested another charge to meet the change in the ruling of the court brought about by her action in consenting, or should have, at least, brought her charge to the attention of the court after the action had been reversed as to charge 1, and we cannot reverse the trial court for not having given this charge.

Charge 3 simply required that the finding of the jury must be unanimous, hypothesizing the issue in the case. The only count left in the complaint, No. 7, charges negligence only by a "sudden and unusual jerk."

The trial court erred in giving charge 2, requested by the defendant. We cannot affirm as matter of law that a failure of the plaintiff to take her seat before the car started rendered her guilty of negligence, notwithstanding she had time to do so and that there were many vacant seats. The defendant's evidence showed that the proper way to start the car was slowly and smoothly, and without a sudden jerk; and, if a passenger had no ground to anticipate that it would be started with a

jerk, we cannot say that she would be guilty of negligence by a failure to take a seat before the car started, and think the question of contributory negligence was one for the jury.—*Armstrong's Case,* 123 Ala. 233, 26 South. 349; *Birmingham Ry. & Elec. Co. v. James,* 121 Ala. 120, 25 South. 847. It is stated on page 682 of 5 Am. & Eng. Ency. Law: "But it has been held that if a railway train stops a reasonable time at the depot to allow passengers to enter the cars and a reasonable time thereafter for them to be seated, a passenger who fails to sit down, and is thrown down and injured by the starting of the train after the usual signal is sounded, is guilty of contributory negligence. A different rule has been declared where the passenger enters a car and finds no seats vacant, and is injured while looking about for a seat." This quotation is not supported by the case cited. —*L. & N. R. R. Co. v. Copeland,* 60 Tex. 325. There the court did not hold that it was negligence per se on the part of the plaintiff for failing to take her seat before the train started but that the trial court erred in charging the jury that the defendant was guilty of negligence, if the conductor failed to see that the passengers were seated before starting.

The judgment of the city court is reversed, and the cause is remanded.

TYSON, DOWDELL, and DENSON, JJ., concur.