# Best Park & Amusement Company v. Rollins.

## Personal Injury Action.

(Decided April 22, 1915. 68 South. 417.)

1. *Pleadings; Demurrer; Specifying Grounds.*—Grounds of demurrer that no negligence was shown for which defendant was liable and that it was not shown how or wherein the servants of the defendant were negligent, do not raise the point that the complaint fails to show that such servants were negligent while acting within the line or scope of their employment.

2. *Appeal and Error; Review; Harmless Error.*—Where the instructions specifically required proof of the omitted allegation in the complaint, the error in the omission was harmless under rule 45, Supreme Court Practice, and does not call for a reversal.

3. *Theatres and Shows; Scenic Railway; Degree of Care.*—The operator of a scenic railway in an amusement park is bound to exercise the highest degree of caution and care for the safety of its passengers, just as common carrier of passengers, since the danger of such amusement necessitates excessive care.

4. *Same.*—In such a case, if the defendant feared that the jury might apply tests of care applicable only to steam or electric railways, the court having charged that it was bound to exercise the highest degree of care just as common carriers, the defendant could have requested explanatory charges.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN C. PUGH.

Action by Hattie Rollins against the Best Park & Amusement Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Transferred from Court of Appeals under section 6, Acts 1911, p. 449.

Defendant was the proprietor of an amusement park, and operated what is known as a scenic railway. The cars were about six feet long, and when raised by a cable to the highest point, are allowed to run by gravity over a track that winds and doubles back and dips throughout its extent of about 2,300 feet. The track begins on a trestle about 40 feet high, and is continu-

ously downgrade. The cars make the trip in about a minute and a half. Plaintiff was riding on one of these cars when it ran into another car at the bottom of the dip, which had for some reason failed to go over the incline ahead, as it was designed and accustomed to do. The collision resulted, according to plaintiff's evidence, in physical injury to her, and on the evidence adduced the jury rendered a verdict for plaintiff, and there was judgment accordingly. The opinion fully discusses the only errors assigned.

BURGIN, JENKINS & BROWN, for appellant.

GASTON, PETTUS & DRENNEN, for appellee.

SOMERVILLE, J.—(1) Conceding that the complaint in this case was defective in not showing that defendant's servants were guilty of the negligence charged while acting within the scope or course of their employment, we think that the specifications of the demurrer do not sufficiently point out this defect. The only grounds supposedly in point are: (2) That no negligence is shown for which defendant is liable; and (5) that it is not shown how or wherein defendants servants were negligent. These grounds are very general in their terms, and are at least of ambiguous application.

(2) Moreover, the written charges of defendant (Nos. 2, 7, 15, 16, 17 and 18) specifically required proof by plaintiff of the omitted allegation. This cured the error on the pleading, if there was any, and, under our Practice Rule No. 45 (61 South. ix), forbids a reversal of the judgment on that ground.

(3) In his oral charge to the jury the trial judge instructed them, without objection from defendant, that

the relationship of the parties was that of common carrier and passenger, and that defendant owed her the duty to exercise the highest degree of skill and care (for her protection and comfort while she was a passenger on its car) known to common carriers of passengers. Afterwards, at the instance of plaintiff, he gave the following written charge: "The law imposes upon a common carrier of passengers for hire or reward the duty of exercising the highest degree of care and skill known to persons engaged in the business of common carriers, and holds such common carriers responsible for the slightest negligence resulting in injury to one of its passengers."

It may be a question of grave doubt whether the operation of a "scenic railway" in an amusement park, such as we are concerned with here, can be properly designated as a common carrier of passengers. But obviously the measure of care to be observed in their operation must depend upon the perils to which passengers thereon are ordinarily exposed, and this will, in turn, depend upon the character of the track and cars and their mode of operation. A collection of the cases of injuries received by the patrons of amusement parks in the use of scenic railways and other devices will be found in 1 Neg. Cas. Ann. 609, and in 4 Id. 46.

Perhaps the leading case on this subject is *O'Callaghan v. Dellwood Park Co.*, 242 Ill. 336, 89 N. E. 1005, 26 L. R. A. (N. S.) 1054, 134 Am. St. Rep. 331, 17 Ann. Cas. 407. As to the conditions specified, that case was not materially different from the case in hand. It was there said: "The passengers carried therein are subject to great risk of life and limb. The steep inclines, sharp curves and great speed necessarily are sources of peril. * * * We think, not only by fair analogy, but on reason and sound public policy, appellant should be

held to the same degree of responsibility in the management of the railway in question as a common carrier."

(4) And an instruction was approved which imposed upon the operator of the miniature railroad "the highest degree of care and caution for the safety of its passengers * * * consistent with the mode of conveyance and the practical operation of the railway." This is the measure of care required of common carriers in this state (*B. R., L. & P. Co. v. Barrett*, 179 Ala. 274, 282, 60 South. 263), and hence the charge complained of was abstractly correct, and its giving could not therefore work a reversal of the judgment. But we are constrained, also, to the opinion that the measure of care prescribed by this charge upon carriers in general might be properly applied to the facts of the present case; and, if there was any likelihood of the jury's applying to this case the tests of care applicable only to an ordinary steam or electric railway, defendant should have requested an explanatory charge limiting the application and comparison to those engaged in carrying passengers by *means and agencies similar to those here used.*

Finding no error, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.