(93 South. 824)

SELLERS v. SELLERS. (6 Div. 668.)

(Supreme Court of Alabama. June 22, 1922.)

I. Husband and wife &#8680;285½—Equity has original jurisdiction to award alimony apart from divorce proceedings.

A court of equity has original jurisdiction over the subject of alimony separate and apart from proceedings for divorce, with the right to fix the amount of the wife's support and maintenance to be paid for by the husband.

2. Husband and wife &#8680;296—Bill of complaint for award of alimony held sufficient.

Bill of complaint for alimony, alleging abandonment, *held* to state a cause of action.

3. Equity &#8680;239—Demurrer admits allegations.

On demurrer to bill of complaint, the facts alleged are considered as true.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Action by May Allen Sellers against Ira J. Sellers for temporary and permanent alimony. From a decree overruling demurrers, defendant appeals. Affirmed.

W. A. Jenkins, of Birmingham, for appellant.

A bill in chancery should contain an orderly statement of the facts relied upon, and not conclusions of the pleader; otherwise, it is demurrable. 201 Ala. 150, 77 South. 574; 202 Ala. 43, 79 South. 381.

Black & Harris, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

MILLER, J. This is a bill by May Allen Sellers against Ira J. Sellers for temporary and permanent support and maintenance, known as alimony, and for reasonable attorney's fee for her solicitor for prosecuting her cause. Demurrers of respondent to the bill were overruled by the court. On the hearing $80 per month as alimony pendente lite was allowed complainant, and $250 was fixed as her solicitor's fee for the prosecution of this cause. The defendant appeals from the decree overruling his demurrers to the bill of complaint, and assigns that decree as error.

[1] It is the duty of the husband to support his wife. The legal remedies to enforce this duty are insufficient and inadequate, so a court of equity has original jurisdiction over the subject of alimony, separate and apart from a proceeding for divorce, with the right to fix the amount of the wife's support and maintenance to be paid by her husband, and a court of equity will establish and enforce it, when her right to maintenance exists. Hinds v. Hinds, 80 Ala. 225. This rule has been established in this state:

"Courts of equity exercise a jurisdiction over the subject of alimony not merely *incidental* (to proceedings for divorce) but *original* (and wholly separa · and apart from proceedings for a dissolution of the bonds of matrimony or for separation) in cases where the wife's right to maintenance exists." Downey v. Downey, 98 Ala. 373, 13 South. 412, 21 L. R. A. 677.

This doctrine or rule has been approved in Brindley v. Brindley, 121 Ala. 429, 25 South. 751; Murray v. Murray, 84 Ala. 363, 4 South. 239; Wray v. Wray, 33 Ala. 187;

---

Mims v. Mims, 33 Ala. 98; Glover v. Glover, 16 Ala. 440.

The complainant is the wife of the defendant. They were married on November 3, 1917. They lived together as husband and wife until a few months before the bill was filed. The defendant abandoned her, declined to continue to live with her, without any fault on her part. She was willing to continue to live with him. They have not lived together since he abandoned her. The health of complainant is not good; she is unable to work and earn a livelihood. He is a physician and surgeon, with an income from his labors of about $1,000 per month; and she has no property of her own and no independent means of support. He refused to contribute an amount suitable to support her in her station in life. When defendant abandoned her they were living in a house known as No. 1500 Beach street. They resided there since November 10, 1917, until he abandoned her. He represented to her that it was his property, but since he abandoned her defendant did "instigate his son to bring proceedings in court" and "oust her from the house," and she has no place to stay, except with her friends. She is unable to "pay for the shelter and board which she is receiving."

[2] These facts are averred in the bill of complaint. They show a duty resting on the defendant, the husband, to support and maintain the complainant, his wife, in a reasonable manner, considering her station and condition in life. They are husband and wife. The defendant under the facts averred failed to perform that duty. He abandoned her, declined to continue to live with her, without any fault on her part, although she was willing to continue to live with him, and refused to contribute to her support and maintenance an amount suitable to her degree and station in life. His ability to support and maintain her and her inability to support and maintain herself also appear by averments in the complaint. The facts averred show the wife's right to maintenance exists. These facts are sufficient, if true, to give the court jurisdiction of the cause and to entitle the complainant to the relief she seeks. Hinds v. Hinds, 80 Ala. 225. The prayer of the bill is for alimony. She does not seek a divorce.

[3] Under demurrer the facts alleged are considered by the court as true and undisputed. Erswell v. Ford, 205 Ala. 494, 88 South. 429, headnote 4. The court did not err in overruling the demurrers to the bill of complaint.

Finding no error in the record, the decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.