(113 So. 507)

**AMERICAN RY. EXPRESS CO. et al. v. REID. (3 Div. 760.)**

Supreme Court of Alabama. April 28, 1927.

Rehearing Denied June 30, 1927.

**1. Negligence ⬅⟫111(1)—General averment of negligence is sufficient, where duty appears.**

Where duty of care is shown, general averment of negligence in complaint is sufficient.

**2. Negligence ⬅⟫110—Complaint for injuries must allege facts disclosing duty of care.**

In action for injuries, facts must be alleged which disclose duty or from which law implies duty of care owing from defendant to plaintiff to do or not to do thing complained of as proximate cause of injury.

**3. Negligence ⬅⟫110—Duty of care is implied, where negligence charged shows breach of duty towards all persons who may be injured thereby.**

Law implies duty of care to plaintiff in action for injuries, where wrongful or negligent act charged shows breach of duty by defendant towards any and all persons who may be injured thereby.

**4. Railroads ⬅⟫274(1)—To recover for injuries from express company's creation of danger on station platform, it must appear plaintiff was not trespasser.**

In action for injuries based on express company's negligence, in creation of danger zone about truck standing on station platform, to sustain recovery, it must appear that defendant owed duty to plaintiff, and that plaintiff was not mere trespasser.

**5. Pleading ⬅⟫34(4)—Pleadings on demurrer are construed most strongly against pleader.**

Pleadings must be construed most strongly against pleader when challenged by apt demurrer.

**6. Negligence** ⊚→110—**Plaintiff not trespasser on defendant's premises need not allege he was rightfully on premises of another when injured.**

If plaintiff in action for injuries is shown not to be trespasser on defendant's premises, it need not appear that plaintiff was rightfully on premises of another, provided he was rightfully there so far as concerned defendant.

**7. Appeal and error** ⊚→1170(3)—**Failure of complaint, in action against express company for injuries sustained on station platform, to show injury occurred in public place, held not ground for reversal, where defect was supplied by evidence (Supreme Court rule No. 45).**

In action against express company for injuries to newsboy struck by cylindrical steel shaft falling from truck on station platform, failure of complaint to allege that place where truck stood was public place in which express company owed duty not to create zone of danger *held* not ground for reversal under Supreme Court rule No. 45, where charge of negligence imported breach of duty, and where evidence fully disclosed place of injury and defendant's previous knowledge of such place, there being no surprise or injury resulting from defect in pleading.

**8. Railroads** ⊚→282(2)—**Complaint against express company for injuries to newsboy by shaft on truck on station platform held to show breach of duty.**

Complaint in action against express company for injuries alleging injury to newsboy resulted from contact with shaft rolling off defendant's truck on station platform, and that shaft was placed in unsafe and insecure position by negligence of defendants from which injury proximately resulted, *held* to import breach of duty.

**9. Railroads** ⊚→282(2)—**Proof of injury by shaft rolling off express truck on station platform held not material variance under complaint alleging shaft's insecure position.**

In action against express company for injuries to newsboy, evidence that plaintiff while near truck on station platform was struck by shaft rolling off truck, without outside agencies, *held* not to constitute material variance under complaint alleging shaft was placed in unsafe and insecure position by defendant's negligence.

**10. Railroads** ⊚→282(8)—**Express company's negligence as to newsboy struck by shaft rolling from truck on station platform held for jury.**

In action for injuries to newsboy struck by shaft rolling off express company's truck, on station platform, without application of external force, under claim that shaft was insecurely placed therein, evidence of defendant's negligence *held* to make issue for jury, as against claim that shaft could not have moved without external force.

**11. Railroads** ⊚→282(3)—**One suing express company for injuries from insecure shaft on truck on station platform held not required to show forces causing movement.**

In action for injuries to newsboy struck by shaft which rolled out of truck on station platform, plaintiff suing express company for negligence in insecurely placing shaft in truck was under no duty to show physical facts or natural forces which actually caused shaft to start in motion.

**12. Appeal and error** ⊚→1060(4)—**Statement of counsel that American Express Company sued for injuries would still be in business regardless of verdict rendered, where objection was overruled, held to require reversal, in view of verdict.**

In action for injuries against express company, statement of counsel in argument, "I still insist that the American Express Company will still be in business whatever your verdict in this case is," where objection thereto was overruled, *held* to require reversal in view of verdict, as seeking large verdict upon assumed ability of corporate defendant to pay.

**13. Damages** ⊚→95—**Personnel of defendant should not influence amount of verdict in action for actual damages.**

In action for actual damages, amount of verdict cannot be properly influenced by defendant's personnel or assumed ability to pay.

**14. Damages** ⊚→96—**Damages for physical or mental pain and suffering are left largely to jury's discretion.**

Damages for physical or mental pain and suffering, even though not permanent, are elements of actual damages, which must be left largely to jury's discretion and for which no accurate measure can be fixed.

Anderson, C. J., and Sayre and Gardner, JJ., dissenting in part.

On Rehearing.

**15. Appeal and error** ⊚→237(1)—**Action of court in overruling objection to counsel's argument, where excepted to, held reviewable, notwithstanding no further motion was made to exclude remarks or to direct jury to disregard them.**

Fact that after objection to counsel's argument was interposed and overruled by court and exception taken thereto, no further motion to exclude remarks of counsel, or to direct jury to disregard them, was made, *held* not to prevent review on appeal of ruling upon counsel's argument.

Appeal from Circuit Court, Butler County; A. E. Gamble, Judge.

Action for damages for personal injuries by Edgar Reid, by his next friend, H. E. Reid, against the American Railway Express Company and Mack Stewart. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Thigpen & Poole, of Greenville, and S. H. Dent, of Montgomery, for appellants.

While negligence may be charged in general terms, facts must be averred sufficient to establish a duty owing by defendant to plaintiff to do or not to do the thing complained of as the proximate cause of the in-

jury. Cook v. Sheffield Co., 206 Ala. 625, 91 So. 473; Montgomery L. & W. P. Co. v. Thombs, 204 Ala. 678, 87 So. 205; Mobile Co. v. Ellis, 207 Ala. 109, 92 So. 106; B. R. L. & P. Co. v. Cockrum, 179 Ala. 372, 60 So. 304; Sloss Co. v. Weir, 179 Ala. 227, 60 So. 851; Snyder Co. v. Stutts, 214 Ala. 132, 107 So. 73; Feore v. Trammel, 212 Ala. 325, 102 So. 529; Demopolis Co. v. Hood, 212 Ala. 216, 102 So. 35; B. E. & B. R. Co. v. Stagg, 196 Ala. 612, 72 So. 164; Western R. Co. v. Mays, 197 Ala. 367, 72 So. 641; Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 So. 933; Southern Cot. Oil Co. v. Woods, 201 Ala. 553, 78 So. 907; Lacy-Buek Iron Co. v. Holmes, 164 Ala. 96, 51 So. 236; 21 A. & E. Ency. L. (2d Ed.) 466. A complaint which does not state a substantial cause of action will not support a judgment. L. & N. v. Williams, 113 Ala. 402, 21 So. 938; Kirkland v. Pilcher, 174 Ala. 170, 57 So. 46; Columbiana v. Kelley, 172 Ala. 336, 55 So. 526. When the plaintiff fails to allege facts showing a breach of duty, although the evidence may show a breach of duty, the doctrine of error without injury cannot be applied. Ensley Co. v. Chewning, 93 Ala. 24, 9 So. 458; L. & N. v. Holland, 164 Ala. 73, 51 So. 365, 137 Am. St. Rep. 25; Lacy-Buek Iron Co. v. Holmes, supra. An inanimate object, once shown to have been placed in a stationary position, is conclusively presumed not to move of its own motion without the aid of an outside force. 15 Ann. Cas. 1190, note. Where a conclusion from conceded physical facts is so plain that reasonable minds cannot differ about it, testimony at war with it should be rejected as wholly without evidentiary value. L. & N. v. Moran, 190 Ala. 108, 66 So. 799; Peters v. Southern R. Co., 135 Ala. 533, 33 So. 332; Western Co. v. Cunningham, 158 Ala. 369, 48 So. 109; Klitzke v. Webb, 120 Wis. 254, 97 N. W. 901; Davis v. Hines, 154 La. 511, 97 So. 794; 4 Words and Phrases, Second Series, 314. There is a fatal variance between the allegations and proof, in that the complaint charges negligence in placing the casting on the truck, whereas, if any negligence is shown, it consists in the fact that the casting was allowed to remain upon the truck unsecured and in a dangerous place. Ala. Co. v. McWhorter, 156 Ala. 269, 47 So. 84. The objection of the defendants should have been sustained to the statement made by the attorney for the plaintiff in his closing argument. L. & N. v. King, 198 Ala. 168, 73 So. 456; Anderson v. State, 209 Ala. 36, 95 So. 171; L. & N. v. Glick, 214 Ala. 303, 107 So. 453.

O. A. Lane and Powell & Hamilton, all of Greenville, for appellee.

Where, upon the facts stated in the complaint, the law implies a duty, it is not necessary to aver it in terms. Wells v. Gallagher, 144 Ala. 367, 39 So. 747, 3 L. R. A. (N. S.) 759, 113 Am. St. Rep. 50; L. & N. v. Marbury Lbr. Co., 125 Ala. 237, 28 So. 438, 50

L. R. A. 620; Pettus v. L. & N., 214 Ala. 190, 106 So. 807; Talley v. Whitlock, 199 Ala. 31, 73 So. 976. Any defect in the complaint was cured by the evidence, and rule 45 of Supreme Court practice applies. Mobile L. & R. Co. v. Ellis, 207 Ala. 109, 92 So. 106; Jackson v. Vaughn, 204 Ala. 543, 86 So. 469; Metropolitan L. I. Co. v. Carter, 212 Ala. 214, 102 So. 130; Ex parte Little Cahaba Coal Co., 213 Ala. 596, 105 So. 648. The argument of counsel was the mere expression of an opinion, and contained nothing that was prejudicial to the defendants or either of them. Anderson v. State, 209 Ala. 43, 95 So. 171. The question of proximate cause of the injury was for the jury. Davis v. Clark, 19 Ala. App. 469, 98 So. 37; Haesley v. Winona & St. P. R. Co., 46 Minn. 233, 48 N. W. 1023, 24 Am. St. Rep. 220; A. G. S. v. Cornett, 214 Ala. 23, 106 So. 245; Vaughn v. Dwight Mfg. Co., 206 Ala. 555, 91 So. 77.

BOULDIN, J. American Railway Express Company, by its local agent and employees, unloaded from an express car onto a truck a steel shaft, cylindrical in form, some 15 to 16 feet long, about 2½ inches in diameter and weighing about 925 pounds. The truck, with the shaft thereon, was moved some 50 to 75 feet and left standing upon the cement platform of the Louisville & Nashville Railroad in Georgiana. Edgar Reid, 15 years of age, acting at the time as a newsboy, came to the station to get his newspapers and found them scattered upon the platform near the truck. While there, the heavy shaft, for some cause, rolled off the truck and struck plaintiff, resulting in a compound fracture of his leg.

The suit is for personal injuries, and counts upon negligence in that the shaft was so carelessly, insecurely, and negligently placed on the truck that it rolled off and injured the plaintiff.

[1, 2] The demurrers challenge the complaint for failure to show any duty toward the plaintiff. The duty of care being shown, a general averment of negligence is sufficient. But such facts must be averred as disclose a duty owing by the defendant to the plaintiff to do or not to do the thing complained of as the proximate cause of the injury. Cook v. Sheffield Co., 206 Ala. 625, 91 So. 473; Montgomery Light & Water Power Co. v. Thombs, 204 Ala. 678, 87 So. 205; Mobile Light & R. Co. v. Ellis, 207 Ala. 109, 92 So. 106; Birmingham Ry. Light & Power Co. v. Cockrum, 179 Ala. 372, 60 So. 304; Sloss-Sheffield Steel & Iron Co. v. Weir, 179 Ala. 277, 60 So. 851; Snyder Cigar & Tobacco Co. v. Stutts, 214 Ala. 132, 107 So. 73; Feore v. Trammel, 212 Ala. 325, 102 So. 529; Demopolis Tel. Co. v. Hood, 212 Ala. 216, 102 So. 35; Birmingham, E. & B. R. Co. v. Stagg, 196 Ala. 612, 72 So. 164; Western Ry. of Alabama v. Mays, 197 Ala. 367, 72 So. 641; Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 So. 933; Southern

Cotton Oil Co. v. Woods, 201 Ala. 553, 78 So. 907.

[3] Under this rule it is sufficient if facts are alleged from which the law implies a duty of care toward the plaintiff. Such case appears where the wrongful or negligent act charged shows a breach of duty toward any and all persons that may be injured thereby. Thus, leaving an explosive bomb in a public alley is a breach of duty, implied by law, not to endanger persons in position to be injured by its explosion. Wells v. Gallagher, 144 Ala. 367, 39 So. 747, 3 L. R. A. (N. S.) 759, 113 Am. St. Rep. 50.

The general duty not to negligently set fire to the property of another appears to be the basis upon which the court sustained count 2 in Louisville & N. R. Co. v. Marbury Lumber Co., 125 Ala. 237, 251, 28 So. 438, 50 L. R. A. 620. So counts charging wanton injury need not aver any special relation out of which the duty of care arises. It is the common duty of all persons not to wantonly injure the person or property of another. Southern R. Co. v. Gantt, 210 Ala. 383, 388, 98 So. 192; Jackson v. Vaughn, 204 Ala. 543, 86 So. 469.

[4] In the present case, the negligence relied upon is in the creation of a danger zone about the standing truck. As a condition for such actionable negligence it must appear the truck was at a place where defendants owed some duty toward plaintiff. If on defendants' premises and plaintiff a mere trespasser, no such duty would arise.

[5, 6] Under the general rule that pleadings must be construed most strongly against the pleader when challenged by apt demurrer, it must be held both counts of the complaint were defective for failure to aver sufficient facts to show a duty of care for the safety of the plaintiff at the time and place of the injury. The case of Birmingham Ry., Light & Power Co. v. Cockrum, 179 Ala. 372, 60 So. 304, is not at variance with, but clearly states the rule above applied. Count 3 in that case averred plaintiff was not a trespasser. The case is authority for the rule that if the plaintiff is shown not to be a trespasser on defendants' premises, it need not appear plaintiff was rightfully on the premises of another— sufficient if he was rightfully there so far as concerns the defendants.

[7] Without dispute in the evidence, the place of the injury was upon the public platform of the railroad company. The plaintiff was there in the lawful conduct of his business, although this was not essential to his right of protection against negligence of the defendants at that place. The defendant Stewart, in person and as local agent of the express company, defendant, had full knowledge at the time of the place and fact of injury; had superintended the placing of the shaft on the truck, and moving the truck to the place of injury. That the injury was in fact at a place where defendants owed plaintiff the duty of ordinary care, and that this was known to defendants when suit was brought is not questioned.

"Hereafter no judgment may be reversed * * * for error as to any matter of pleading * * * unless in the opinion of the court to which the appeal is taken, * * * after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties." Supreme Court Rule 45.

This rule is invoked by the appellee. Its application has been many times considered by this court.

In Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 So. 417, Ann. Cas. 1917D, 929, a case based upon the law of respondeat superior, the complaint was held defective for failure to aver the negligent agents were acting within the scope or course of employment, but error in overruling demurrer was held to be cured by instructions specially requiring proof of the omitted allegation.

In Jackson v. Vaughn, 204 Ala. 543, 545, 86 So. 469, 471, discussing rule 45, it was said:

"Under the mandate of this rule the fate of any judgment in a civil case that is tainted with error in the pleadings or procedure leading thereto is dependent upon what is disclosed by the entire record in that particular case. That is to say, each case stands upon its facts, and, of necessity, no iron-clad principle can be announced of the construction to be placed on this rule. However, we may say' that under it our court has declared generally that if a complaint (not so fatally defective that a judgment based thereon would be arrested on motion) or a plea in a civil cause be defective for the reason that a necessary allegation is omitted, and a demurrer pointing out this defect has been improperly overruled, the judgment following will not be reversed on this account if the entire record discloses that the trial court by an appropriate charge instructed the jury specifically as to the necessity of proving the omitted allegation, and the record further shows that this omitted allegation was proved and considered."

In Birmingham Southern R. Co. v. Goodwyn, 202 Ala. 601, 81 So. 341, the complaint was held insufficient in failing to show such right of possession in a bailee as will support an action by him for injury to the property. The court said:

"The averment of fact improperly omitted from the complaint, as the demurrer pointed out, was indisputably proven, from which it resulted that the erroneous overruling of the demurrer was rendered innocuous to the defendant."

In Southern R. Co. v. Dickson, 211 Ala. 481, 485, 100 So. 665, 668, it was said:

"But negligence comprehends and rests upon a breach of duty; and, when the injurious act is specified, it must be made to appear, either from the nature of the act, or from the accompanying circumstances, that a duty existed of which the act complained of was a breach. We

think the complaint was subject in this respect to the apt ground of demurrer interposed.

"We cannot, however, for this cause, reverse the judgment, for the reason that the omitted allegation was nevertheless made an issue on the trial, and the jury were clearly and specifically instructed (by charges 20, 22 and 23) that plaintiff could not recover unless he showed that the engineer operating the train 'knew, or in the exercise of reasonable care ought to have known, that the plaintiff was in or would probably be in a position of peril at the time the jerk and shock was caused, if it was caused.' Under the rule declared in Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 So. 417 [Ann. Cas. 1917D, 929], and a long line of cases following it, the error in overruling the demurrer must be held as cured by the clear instructions requiring proof of the omitted allegation. That such a complaint states a cause of action, notwithstanding the omission of this allegation, was held in Southern Ry. Co. v. Carter, 164 Ala. 103, 51 So. 147."

It will be noted the defect in that case was the failure to aver the facts out of which the duty of care arose. We consider it a direct authority on the question now before us. Navco Hardwood Co. v. Bass, 214 Ala. 553, 557, 108 So. 452.

[8] The complaint here states the quo modo of the accident in that it resulted from the shaft rolling off the truck, that the shaft was placed in this unsafe and insecure position by the negligence of defendants, and that the injury resulted proximately from such negligence. Without question a charge of negligence and injury resulting proximately therefrom imports a breach of duty toward plaintiff.

It is not a case of amending the pleading by the evidence in the sense of supplying a necessary element of the cause of action, or allowing a recovery upon evidence not within the issues made by the pleadings. The fault of the complaint is not the failure to allege a breach of duty, but in failure to show how the duty arose, failure to name the place as a public one in which defendants owed a duty not to create a zone of danger. The defect is in its generality. It fails to meet the demands of good pleading in that it does not properly advise defendants of the manner in which the alleged breach of duty arose. But of this they were already advised. Under the undisputed evidence we may say it affirmatively appears there was no surprise or injury because of failure to aver the place of the accident. If rule 45 does not apply to such case, it is difficult to conceive a case to which it does apply. It is not a case of entire failure to state a substantial cause of action, available in arrest of judgment. Code of 1923, § 9512; Parker v. Abrams, 50 Ala. 35; 34 C. J. p. 37, § 163, note 69.

The evidence for plaintiff was to the effect that after the truck was left standing on the platform for some minutes, and while the plaintiff was near the truck gathering up his newspapers, the shaft, without outside agency, rolled off and crushed his leg. That for the defendants was to the effect that the plaintiff and his witness, Alderman, were lifting at the shaft and caused it to roll off the truck.

[9] The complaint, properly construed, does not charge the injury resulted from the act of placing the shaft on the truck, but from placing it there so negligently and insecurely that it rolled off. No material variance between allegations and proof appears.

[10] Appellants rely upon the natural law of inertia as a basis for the affirmative charge or in support of the motion for a new trial. The contention is that a body balanced or at equilibrium, and so remaining several minutes, cannot and will not move without external force and plaintiff has failed to show any external force for which defendants are responsible—that plaintiff's evidence to the effect that it moved without perceptible cause is unreasonable and should be disregarded as in conflict with natural law.

Reliance is placed on Klitzke v. Webb, 120 Wis. 254, 97 N. W. 901. In that case a door weighing 68 pounds, 7 feet high, was leaning against the wall of a house, the base resting 18 inches from the wall. On these undisputed facts it was declared the plaintiff's evidence that the door fell over without pressure from wind or other agency was to be disregarded. In that case the perpendicular from the center of gravity would fall some 9 inches within the base, the pressure or weight against the wall must be overcome, and the center of gravity raised as the top of the door was thrown outward.

[11] The case of a smooth, hard, metal cylinder resting upon a smooth surface is wholly different. The base is a mere line, or series of points of contact in line. A very slight inclination of the supporting surface may throw the line of gravity without the base and start it in motion. That it had remained motionless for some minutes does not conclusively establish that it did not start rolling from natural causes. It was for the jury to say whether it did roll off as testified by plaintiff and his witnesses. It seems admitted that the witness, Shell, seeing the shaft balanced diagonally across the truck, warned Mr. Stewart, the express agent, that it was dangerous, and that Stewart placed in cinder, according to Shell, or pebbles, according to Stewart, alongside the shaft. If, notwithstanding this obstruction, the shaft did roll off as claimed by plaintiff, it was also a question for the jury as to whether reasonable care was taken to place an obstruction that would wedge against the smooth metal surface and afford proper resistance. There was no duty on plaintiff to show what physical facts or natural forces actually caused the shaft to start in motion.

[12] Another assignment of error relates to

the ruling of the trial court on argument of counsel. The record recites:

"In his closing argument to the jury, Mr. C. E. Hamilton, one of the attorneys for the plaintiff, stated: 'We are asking simply for justice which this boy is entitled to. And we are going to insist that he is entitled to some good round sum. It doesn't make any difference to the American Express Company, this defendant. What difference does it make to them what your verdict in this case is? They will still be running to Georgiana.' The defendants objected to this argument. The court sustained the objection. Mr. Hamilton then stated: 'I withdraw the argument.' Mr. Hamilton then stated: 'Gentlemen of the jury, I still insist that the American Express Company will still be in business whatever your verdict in this case is.' The defendants then and there objected to this argument by Mr. Hamilton, the attorney for the plaintiff; the court overruled the objection; and, to the action of the court in overruling the objection, the defendants then and there duly and legally excepted."

The remarks withdrawn were an appeal for a large verdict upon the assumed ability of the corporate defendant to pay. Such is the clear import of a direct statement that it "doesn't make any difference to the American Express Company."

The further remarks after these were withdrawn were in effect a restatement of the same line of argument, based upon the same assumption. To assume that the jury would not so regard it would impeach their intelligence. Coming from eminent counsel and sustained by the ruling of the trial judge, they were well calculated to influence the amount of the jury's verdict.

We would not lay down rules which hinder or deny counsel a full and fair field in all legitimate argument, but in the zeal of the hour, the attorney is often tempted to transgress these bounds. We are not dealing with a case of argument so flagrantly abusive of the rights of the defendant as to be ineradicable by prompt and careful warning and instruction from the court, but a case in which objection was overruled.

[13] It is hardly necessary for us to state the manifest rule that in an action for actual damages the amount of a verdict cannot be properly influenced by the personnel of the defendant. Natural sympathy is very liable to find expression here. An eminent advocate and associate of the writer at the bar often and aptly said to juries that if we want to be generous, we must do so at our own expense, and not at the expense of others. It has no place in the jury box.

[14] Physical or mental pain and suffering, though not permanent, are elements of actual damages for which no accurate measure can be fixed. Much must be left to the guarded discretion of a thoughtful jury guided by a sense of justice.

The injury, though severe, so affecting the broken bone as to cause parts to slough off, and delay uniting until the time of the trial, was not shown to be one which, with proper care, will not fully heal. The permanent injury, so far as the evidence discloses, will be a more or less shortening of the injured leg. It appears probable the argument complained of found expression in the verdict for $20,000. Overruling the objection to argument was error. Alabama Fuel & Iron Co. v. Andrews, 212 Ala. 336, 102 So. 799; Metropolitan Life Ins. Co. v. Carter, 212 Ala. 212, 102 So. 130; Alabama Fuel & Iron Co. v. Williams, 207 Ala. 99, 91 So. 879; 2 R. C. L. p. 426, § 25.

For this error the judgment must be reversed and the cause remanded.

Reversed and remanded.

All the Justices concur in the result and in the opinion, except ANDERSON, C. J., and SAYRE and GARDNER, JJ., hold the case should also be reversed for ruling on demurrer to the complaint on authority of First Nat. Bank v. Williams, 206 Ala. 394, 90 So. 340, and similar cases.

### On Rehearing.

BOULDIN, J. [15] Appellee insists on rehearing that the ruling upon argument of counsel is not subject to review because after objection was interposed and overruled, and exception taken thereto, there was no further motion to exclude the remarks of counsel or to direct the jury to disregard them.

In Cross v. State, 68 Ala. 476, a carefully prepared opinion by Stone, J., this court considered at length the office and legitimate bounds of argument, and the method of review, saying, in this regard:

"We sum up, lest we be misunderstood. There must be objection in the court below, the objection overruled, and an exception reserved."

This rule was quoted in headnote 6, under the catch line "how revised."

In Wolffe v. Minnis, 74 Ala. 386, upon objection being made, the speaker said "Oh, well; I'll take it back." Opposing counsel said to the court, "The defendant insists on his objection." The court said nothing, and defendant reserved an exception. There was no motion to exclude. This court, again speaking by Judge Stone, stated in strong terms the duty of the court, even ex mero motu in some cases, and declared that when called to his attention by objection, he should have instructed the jury in clear terms that such remarks were not legitimate argument and should not be considered. In view of the nature of the argument, the judgment was reversed for failure to so instruct the jury.

In Louisville & N. R. Co. v. Holland, 173 Ala. 675, 691, 55 So. 1001, 1007, it was said: "Had this phase of the argument been objected to

and the objection overruled, error would have resulted."

In Anderson v. State, 209 Ala. 36, 43, 95 So. 171, 178, opinion by Justice Thomas, the rules of review as applied under various conditions were restated, with full citation of cases. It was said:

"Generally, improper argument of counsel to or in the presence of the jury is not a ground for a new trial, or the subject of review on appeal, unless there is prompt and appropriate objection by opposing counsel, a ruling by the court, and exception thereto, or a refusal of the court to rule on the question presented by the objection."

Finally, in Metropolitan Life Ins. Co. v. Carter, 212 Ala. 212, 216, 102 So. 130, 133, the rule of review is stated thus:

"Where the trial court rules adversely to appellant, or where a motion is duly made to exclude such argument or remark of counsel, and there is adverse ruling and exception reserved, the question can be brought before this court on appeal from such ruling."

The line of cases above, none of which has been overruled, declare in effect that the proper method of invoking action by the court on improper argument, in the first instance, is by prompt and appropriate objection. This calls for a ruling by the court approving or disapproving the legality of the argument. If the ruling is adverse to the objector, a further motion to exclude is a useless formality. Vida Lbr. Co. v. Courson (Ala. Sup.) 112 So. 737.[1] In Birmingham Ry., Light & Power Co. v. Gonzalez, 183 Ala. 273, 286, 61 So. 80, 84 (Ann. Cas. 1916A, 543), it was said:

"The effect of our decisions is that a mere objection to already spoken words does not reach the evil aimed at, and that the court must be appealed to to exclude them from the consideration of the jury, failing which there is nothing presented for review by an exception. K. C., etc., R. R. Co. v. Webb, 97 Ala. 157, 163, 11 So. 888; Cutcliff v. B. R. L. & P. Co., 148 Ala. 108, 41 So. 873; B. R. L. & P. Co. v. Drennen, 175 Ala. 338, 57 So. 876, 886."

In Kansas City, M. & B. R. Co. v. Webb, 97 Ala. 157, 163, 11 So. 888, 891, "defendant excepted to said remark as improper argument. The attention of the court being called to it, the presiding judge told counsel it was improper argument. This was in the hearing of the jury. Counsel replied, 'Well; I'withdraw it.'" Discussing this occurrence, the court said:

"To put the court in error under such circumstances, there must be a request that the jury be instructed to disregard such argument, and a refusal by the court to so instruct them. Less than this, and an exception based on the refusal, does not present a case for reversal. This principle, as settled in this state, is correctly set forth in Lunsford v. Dietrich, 93 Ala. 565 [9 So. 308, 30 Am. St. Rep. 79], and the authorities therein cited."

[1] Ante, p. 248.

The rule declared in Lunsford v. Dietrich, 93 Ala. 572, 9 So. 311 (30 Am. St. Rep. 79), thus approved, was in this language:

"All that was done, as appears from the bill of exceptions, was the noting of an exception to certain language of counsel. Nothing that the court ruled, did or said, is presented for revision; and the functions of this court in its appellate character are strictly confined to the action of the trial courts upon questions which are presented to and ruled upon by them. If the statement complained of was improper, of which we are by no means convinced, the presumption is that it would have been excluded, and the jury duly cautioned against being influenced by it, had the attention of the trial judge been called to it, and his action invoked upon it; and we cannot put him in error for failure to rule on a matter which has never been presented for his decision, or decided by him. Cross v. State, 68 Ala. 476; E. T. V. & Ga. R. R. Co. v. Bayliss, 75 Ala. 466; Insurance Co. v. Allen, 80 Ala. 571 [1 So. 202]; Nelson v. Harrington [72 Wis. 591, 40 N. W. 228, 1 L. R. A. 719], 7 Am. St. [Rep.] 900;. A. G. S. R. R. Co. v. Frazier, ante [93 Ala.] page 45 [9 So. 303, 30 Am. St. Rep. 28]."

It is manifest this case did not contemplate any modification of the rule in the Cross Case, the first cited as authority. It does not say an objection addressed to the court does not invoke his action upon it, but that a mere exception to the remark of counsel does not. The Bayliss Case, also cited, declares the duty of the court upon objection being made to the argument.

In Cutcliff v. Birmingham R. L. & P. Co., cited in the Gonzalez Case, the court sustained the objection of counsel, no further action was invoked, and no exception reserved by appellant.

In Birmingham R. L. & P. Co. v. Drennen, also cited in the Gonzalez Case, objection to the argument was sustained. No motion to exclude was made. The court failed to take further action to eradicate the harmful effect. Held not reviewable on main appeal "for the reason that his ruling, as far as invoked on the main trial, was in favor of appellant." After full review of cases the cause was reversed for failure to grant a new trial, because of the improper argument. The failure of the court to take prompt and decisive action to eradicate the bad impression is the basis of the decision.

Mr. Justice Somerville desires that we state, and at his suggestion the writer is pleased to note, that in writing what appears on pages 285 and 286 of the Gonzalez Case, he had in mind stating the rule obtaining where the objection to argument is sustained and no further corrective action is invoked as declared in the cases cited. He concedes that as applied to the case in hand, where objection was overruled, the case is misleading and should be limited.

In so far as the case of Birmingham Ry., Light & Power Co. v. Gonzalez, 183 Ala. 286,

61 So. 80, Ann. Cas. 1916A, 543, and the later cases of Sharp v. State, 193 Ala. 28, 69 So. 122, and Lambert v. State, 208 Ala. 44, 93 So. 708, which followed the Gonzalez Case on the point in question, are in conflict with this decision, the same are hereby modified.

All the Justices concur.

